**James F. MORRELL, Appellant,**

**v.**

**Mrs. Gilbert HARRIS et al., Respondents.**

**No. 52424.**

Supreme Court of Missouri,
Division No. 2.

July 10, 1967.

Motion for Transfer to Court en Banc or for Rehearing Denied Sept. 11, 1967.

Orville Richardson, St. Louis, for appellant.

Leo Lyng, Russell N. MacLeod, St. Louis, for respondents.

BARRETT, Commissioner.

In March 1964 the appellant Morrell was appointed Commissioner of School Buildings of the City of St. Louis for the statutory term of four years. In March 1966, after a newspaper report of Morrell's "working school board employees at (his) residence," the Board of Education discharged him. On April 20, 1966, alleging that there was no other provision for judicial review of the board's actions, Morrell filed in the Circuit Court of the City of St. Louis a "Petition for Review of a Final Decision of an Administrative Agency Under Chapter 536, V.A.M.S." In this petition the action of the Board of Education was attacked for a number of reasons, among others that in violation of his constitutional rights he was discharged "without cause" and "without notice, hearing, (or) opportunity to be heard." It was charged that the board failed to follow prescribed statutory procedure, failed to give him a reasonable opportunity to prepare, that his discharge was "without support in law or evidence," that it was not only without cause but constituted an abuse of discretion. For all these reasons Morrell prayed that the court take jurisdiction of the petition for review, require the board to file its record for the court's review and finally that the court "consider evidence" and under the Administrative Review Act review and set aside his discharge or enter such order as the record demanded.

To this petition the board filed a motion to dismiss for the reasons (1) that chapter 536 "is not applicable to the fact situation set out in plaintiff's petition" and (2) that the petition fails "to state a claim for relief against these defendants, upon which the relief prayed for can be granted." The trial court, without indicating its reasons, sustained the board's motion and dismissed the petition with prejudice and the plaintiff has appealed alleging that by reason of his discharge in violation of the due process provisions of the state and federal constitutions this court has jurisdiction of the cause. Dittmeier v. Missouri Real Estate Commission, Mo., 316 S.W.2d 1.

Although the record as presented here, particularly the supplemental transcript agreed to by the parties, suggests several interesting problems the only question the parties have briefed and argued is whether the proceeding before the board was a "contested case" and therefore subject to judicial review under the Administrative Procedure Act. The board's claim is that the proceeding was not a "contested case" and therefore it was not required to follow contested case procedures, that the statutes "now make a categorical division between contested and non-contested cases based on whether or not a hearing is required by law" and so it is urged that neither directly

nor by implication do the statutes require a hearing. The board's sole reliance in support of its position is State ex rel. Leggett v. Jensen, Mo., 318 S.W.2d 353 and its interpretation of chapter 536, the administrative procedure act. It is sufficient here to note that that case recognized that a "contested case" is one "which *must* be contested before an administrative agency because of a requirement * * * *for a hearing before it* of which a record must be made unless waived." (318 S.W.2d l. c. 356.)

Not only does the act by its own terms define a "contested case" as a proceeding in which "legal rights, duties or privileges of specific parties are required by statute to be determined *after hearing*" (RSMo 1959, § 536.010(3), V.A.M.S.), the right to an appeal is given to one who is "aggrieved by a final decision in a contested case." RSMo 1959, § 536.100, V.A.M.S. It is not necessary here to enter upon a discussion of the purposes and scope of the administrative procedure act, its broad scope is indicated by the amendment of 1953 (Laws Mo.1953, p. 678) in which it is provided that when "any administrative officer or body" renders a decision which is not subject to administrative review "such decision may be reviewed by suit for injunction, *certiorari*, mandamus, prohibition or other appropriate action." RSMo 1959 Supp. § 536.150, V.A.M.S. And the appellant Morrell contends that if his petition for review is not good and sufficient under the general provisions of the act it should be treated "as one in the nature of an action for relief in the nature of certiorari," and, of course, misconceiving the precisely applicable remedy should not be fatal. Ruedlinger v. Long, Mo.App., 283 S.W.2d 889.

The statute under which the appellant Morrell was appointed specifically provides that he "*may be removed* by the board of education *for cause* by a two-thirds vote of the entire board." RSMo 1959, § 168.231 (3), V.A.M.S. Another general statute relating to metropolitan school districts provides that "All testimony taken upon any investigation made by the board, or *in any proceedings before the board for the removal of any officer or employee* of the board, or in any investigation made by any committee of the board, shall be under oath, which oath may be administered by the secretary and treasurer, or any officer authorized to administer oaths." RSMo 1959, § 162.651, V.A.M.S. While the record here refutes several of the appellant's claims, it does show that there was a hearing before the board, witnesses were heard and there were charges of misconduct, including a violation of appellant's duties with respect to the employees under his supervision (RSMo 1959, § 168.241, V.A.M.S.) and it is difficult to conceive of the proceeding in any light other than one to remove him from his office "for cause." RSMo 1959, § 168.231, V.A.M.S.

While repealed and superseded in 1963 (Laws Mo.1963, p. 200), in prior years the circuit court had jurisdiction over certain board of education problems including, upon breach of trust, the power "to remove any [such] member or officer upon proof or conviction of gross misconduct." RSMo 1959, § 165.583, V.A.M.S. In a petition by board members under this statute to remove the commissioner of school buildings for misconduct in unnecessarily hiring employees the court said of then section 165.600 (now section 168.231) that it did not preempt the field of supervision over school employees and was "a remedy conferred only upon the Board" on a two-thirds vote "for cause" and it is plain that the court treated and. considered a proceeding under that section as a quasi-judicial proceeding and as a "contested case." Antoine v. Fletcher, Mo.App., 307 S.W.2d 898, 904, 907. See also Antoine v. McCaffery, Mo.App., 335 S.W.2d 474, in which a board member was removed under this provision, and State ex rel. Brokaw v. Board of Education, Mo.App., 171 S.W. 2d 75, 81. While these cases are not precisely in point they in fact contain persuasive lessons.

This is not to delimit the procedure or indicate just what issues may be raised and resolved, it is to indicate, however, that upon this record this particular proceeding was a "contested case (Scism v. Long, Mo.App., 280 S.W.2d 481) and final decision of an administrative tribunal within the meaning of chapter 536 and the constitution (Const.Mo. Sec. 5, Art. 22, V.A.M.S.) and that the trial court erred in summarily adjudicating the cause upon the respondents' mere motion to dismiss for the assigned reasons of failure of the petition to state a claim for relief or because the statute was not applicable. Accordingly the judgment is reversed and the cause remanded.

STOCKARD, and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.