**KOPPER KETTLE RESTAURANTS, INC.,**
Plaintiff-Respondent,

v.

**CITY OF ST. ROBERT et al., Defendants-**
Appellants.

No. 8750.

Springfield Court of Appeals.

Missouri.

Jan. 13, 1969.

**2**

Kettle Restaurants, Inc. v. City of St. Robert, Mo.App., 424 S.W.2d 73, although it is not a second appeal in the same case. Most of the essential facts were stated in our earlier opinion.

Kopper Kettle is a Missouri corporation. It operates a restaurant in the Ramada Inn at St. Robert, a city of the fourth class in Pulaski County, Missouri. Having obtained a state liquor license, Kopper Kettle applied to the board of aldermen of the City of St. Robert for a license to sell liquor "by the drink." The license was refused.

Some time thereafter Kopper Kettle, through one of its officers, appeared at a meeting of the board of aldermen with an attorney and a court reporter. Counsel announced that "the purpose of my being here is to request * * * that the Board of Aldermen reconsider the application * * of the Kopper Kettle of St. Robert to obtain a liquor license * * *." Request was made that the board "inform us whether or not they will issue a license. In the event they will not * * *, we * * * request * * * a finding of facts concerning the reasons why they will not issue one." A Mr. Addington, Kopper Kettle's "district manager," and the City Clerk of St. Robert were interrogated. Discussion then followed, and (apparently) on the ground that the application had already been denied, the board of aldermen "tabled" Kopper Kettle's request.

Kopper Kettle then filed a "Petition for Review of Administrative Action" in the Circuit Court of Pulaski County. As material here, the petition set out that the City had a duty to issue the license upon compliance by Kopper Kettle with the ordinance regulating the sale of liquor by the drink, and upon proper request; that Kopper Kettle had appeared before the board of aldermen and had shown by "uncontroverted evidence" that it was entitled to a license; that the City had refused to act and had refused to make the requested findings of fact, and that the City was under a "legal duty" to is-

J. W. Grossenheider, Lebanon, for defendants-appellants.

Claude T. Wood, Richland, Scott R. Traylor, Springfield, for plaintiff-respondent; B. H. Clampett, Daniel, Clampett, Ellis, Rittershouse & Dalton, Springfield, of counsel.

HOGAN, Presiding Judge.

This case involves the same controversy we had before us in State ex rel. Kopper

sue a license. The petition prayed an order compelling the issuance of a license to Kopper Kettle.

■ The City then filed a motion to dismiss the petition for review, asserting in very loose and general terms that the court was wholly without jurisdiction of the case. This motion was denied, and the City applied in this court for a writ of prohibition. The issuance of that writ is discretionary, State ex rel. Woods v. Ratliff, Mo., 322 S.W.2d 864 [2], and for reasons we need not go into here, we declined to issue it. Thereafter, the City filed a number of pleadings, and Kopper Kettle filed the court reporter's notes of its meeting with the board of aldermen as a "transcript." Eventually the case came on for hearing, and Kopper Kettle on two different occasions offered additional evidence, having first suggested that Rule 100.07(d), V.A.M.R. authorized the court to hear it. Basing its finding and order upon the notes of the proceeding before the board of aldermen and the evidence adduced, the trial court found that the action of the board was arbitrary and unwarranted, and ordered that a license issue to Kopper Kettle. This appeal followed.

The parties have briefed and argued a number of points, but in the view we take of this case, it is unnecessary to consider them all. The dispositive question before us is whether or not the proceeding before the board of aldermen was a "contested case," as that term is used in our Administrative Procedure Act.* If not, there was nothing before the trial court for review and the petition should have been dismissed. State ex rel. Leggett v. Jensen, Mo., 318 S.W.2d 353.

■ A "contested case" is defined by Rule 100.01(3) [§ 536.010(3)] as " * * * a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." This means that a contested case, in the context of the Administrative Procedure Act, is a case which *must* be contested because of some requirement by statute, municipal charter, ordinance or constitutional provision for a hearing of which a record must be made unless waived. State ex rel. Leggett v. Jensen, supra, 318 S.W.2d at 356 [2].

■ The City's power to regulate and control the sale of intoxicating liquor is derived from Section 311.220, subsection 2. State ex rel. Hewlett v. Womach, 355 Mo. 486, 491, 196 S.W.2d 809, 812 [3]; State ex rel. Kopper Kettle Restaurants, Inc. v. City of St. Robert, supra, 424 S.W.2d at 78 [8]. Subsection 2 of Section 311.220 provides that "[t]he board of aldermen * * * may * * * make and enforce ordinances for the regulation and control of the sale of all intoxicating liquors within their limits," but it does not expressly require notice and a hearing on an application for a liquor license, and in view of the limited and restricted nature of the privilege involved, no such requirement is to be implied. 2 Am.Jur.2d Administrative Law, § 401, p. 209; Anno., 35 A.L.R.2d 1067, 1077, § 5 (1954). Section 3 of the ordinance involved provides that "[a]ny person applying for a license * * * shall show to the satisfaction of the City Board that said person has the [sic] place of operation and that said place of operation is ready to be opened for business, and the applicant must be the owner of real estate located in the City of St. Robert." The respondent maintains that this requirement of a showing amounts to an implied requirement of a hearing, but we cannot agree; an applicant may make a "showing" sufficient to warrant the issuance of a license or a permit without appearing and giving evidence. Merchants Delivery Co. v. United States, D.C.Mo., 265 F.Supp. 669, 672–673 [1].

■ Kopper Kettle cites and relies on Morrell v. Harris, Mo., 418 S.W.2d 20, and

---

* Now codified as Chapter 536, RSMo 1959 V.A.M.S., and Rule 100, V.A.M.R. All references herein to statutes and rules are to RSMo 1959 V.A.M.S. and V.A.M.R.

State ex rel. State Highway Commission v. Weinstein, Mo., 322 S.W.2d 778, as authority for the proposition that notice and a hearing were required before the City could exercise or refuse to exercise its power of licensure. While we will attempt no judicial gloss on these cases, we do not believe they are controlling here. Although there is some authority to the contrary, e. g., Hornsby v. Allen, 5 Cir., 326 F.2d 605, 608–610, and Martin v. Board of Supervisors of Lake County, 135 Cal.App. 96, 26 P.2d 843, 845-846 [4] [5–7], the general rule and the rule in Missouri is that, absent a statutory requirement, notice and a hearing are not prerequisites to the exercise of discretionary authority to grant or deny a liquor license. Lewis v. City of Grand Rapids, 6 Cir., 356 F.2d 276, 286–287, cert. den. 385 U.S. 838, 87 S.Ct. 84, 17 L.Ed.2d 71; Pinzino v. Supervisor of Liquor Control, Mo., 334 S.W.2d 20, 27–28 [6–8].

We are aware, as Kopper Kettle reminds us, that our Administrative Procedure Act provides for judicial review of both "contested" cases—those in which legal rights, duties or privileges of specific parties are required by law to be determined *after* a hearing, and "non-contested" cases, that is, those cases in which the administrative agency may act without having a hearing or making a record of the evidence heard. State ex rel. Leggett v. Jensen, supra, 318 S.W.2d at 356–358 [2] [3,4]; State ex rel. State Tax Commission v. Walsh, Mo., 315 S.W.2d 830, 832–835. We also bear in mind that a party seeking judicial review of administrative action should not have his case dismissed merely because he misconceives his precisely applicable remedy. Morrell v. Harris, supra, 418 S.W. 2d at 22; Ruedlinger v. Long, Mo.App., 283 S.W.2d 889, 890 [1]. Kopper Kettle is not, however, in any position on this appeal to maintain that we may regard this case either as a proceeding to review a contested case or as an attempt to obtain review of a non-contested case, depending on which view is most favorable to the result reached. In this instance, Kopper Kettle undertook to compel the City to hold a hearing before granting or denying the license; a request was made for findings of fact and the respondent undertook to present evidence and make a record before the agency itself. Its petition for review cannot be precisely characterized, but the respondent filed its "transcript" before the circuit court after its petition was filed, as contemplated by Rule 100.06 [§ 536.130], and undertook to present additional evidence, so counsel stated, pursuant to Rule 100.07 (d) [§ 536.140(4)]. In short, Kopper Kettle followed the procedure prescribed by Rules 100.01–100.07 for contested cases. Further, the respondent has proceeded all along on the assumption that it was entitled to a trial-type administrative hearing on its application for a liquor license. With rare exceptions, a party is held on appeal to the theory he adopted on trial, Welch v. McNeely, Mo., 269 S.W.2d 871, 875 [2]; Haire v. Stagner, Mo.App., 356 S.W.2d 305, 308 [3], and this case must be reviewed on the respondent's trial theory. It is neither necessary nor appropriate to decide whether or not the City's action, or lack of it, is reviewable as a non-contested case under the provisions of Rule 100.08 [§ 536.150], nor do we undertake to express any opinion whatever on the fundamental controversy, that is, whether or not Kopper Kettle is entitled to the coercive relief it seeks.

For the reasons stated, the judgment is reversed and the cause remanded with directions to enter a judgment dismissing plaintiff's petition for review.

STONE and TITUS, JJ., concur.