## In re Doris Woods

[330 A.2d 94]

No. 144-74

Present: Barney, C.J., Smith, Keyser and Daley, JJ.; and Shangraw, C.J. (Ret.)

Opinion Filed December 24, 1974

*Eugene Rakow, Esq.,* Vermont Legal Aid, Inc., Rutland, for Doris Woods.

*George E. Rice, Jr., Esq.,* for Vermont State Housing Authority.

**Per Curiam.** The appellant is a tenant in a public housing project controlled by the Vermont State Housing Authority pursuant to 24 V.S.A. § 4003. Her tenancy was terminated in August, 1973. This termination was appealed to and affirmed by the Housing Authority Review Board pursuant to

the grievance procedures of the Authority. Appellant is here on appeal from the decision of the Board. She asserts that the Administrative Procedure Act, contained in 3 V.S.A. § 801 *et seq.*, provides this Court with jurisdiction for judicial review of contested cases. Appellee has filed a motion to dismiss, alleging that this Court is an improper forum.

The Court notes that the Administrative Procedure Act regulates actions of the administrative agencies and provides for review of administrative decisions when rights of a claimant are determined by an agency after a hearing. The Court does not find that the appellant's rights have been legally affected by the action of the Housing Authority. The Authority is in the position of a landlord, albeit a landlord cloaked in a governmental mantle. The findings of the Authority are equivalent to a notice to vacate the premises served on a tenant.

The grievance procedures explain that the rights of both the Authority and the claimant are not affected by the decision of the Review Board. Both parties may have a trial de novo in judicial proceedings. At an ejectment proceeding in district court conducted pursuant to 12 V.S.A. § 4761 *et seq.*, the claimant may present all available defenses. The tenant is not prejudiced by the findings of the Authority. Thus, the Court is not confronted with a contested case.

The Vermont State Housing Authority is a State agency. *Pizzagalli Construction Co.* v. *Vermont Department of Taxes,* 132 Vt. 496, 321 A.2d 437 (1974). Therefore, it is governed by the Administrative Procedure Act; but where there is no aggrieved person whose legal rights are denied by a decision made by an administrative agency, the Court has no jurisdiction to review. 3 V.S.A. § 815.

*Motion to dismiss is granted.*