**William WELSCH, et al., Respondent,**

v.

**DEPT. OF ELEMENTARY & SECONDARY EDUCATION, Appellant.**

**No. 52353.**

Missouri Court of Appeals, Eastern District, Division Three.

May 5, 1987.

Motion for Rehearing and/or Transfer Denied June 9, 1987.

Application to Transfer Denied July 14, 1987.

William L. Webster, Atty. Gen., Margaret K. Landwehr, Asst. Atty. Gen., Jefferson City, for appellant.

George J. Bude, Ziercher, Hocker, Human, Michenfelder & Jones, Clayton, for respondent.

KAROHL, Judge.

Defendant-appellant, Department of Elementary and Secondary Education, appeals an order of the St. Louis County Circuit Court ordering it to issue a certificate of approval for plaintiffs' proposed sheltered "workshop without walls" program. Appellant alleges among other claims that the circuit court erred in denying appellant's motion to dismiss for lack of venue. We agree and reverse.

On July 18, 1985, William V. Welsch submitted an "Initial Application for a Hearing on the Establishment of a Sheltered Workshop" to the Department of Elementary and Secondary Education pursuant to § 178.920.1 RSMo 1978. The application indicated that Welsch represented Life Skills Employment Services. On the application form plaintiffs stated that "this program will consist of sites operated in industrial settings" and that "it is the intent of Life Skills Employment Services to develop supervised work sites in industrial settings." Welsch's cover letter to the appellant labeled the proposed shelter workshop as a "supported work program."

The appellant, charged with administering the sheltered workshop statutes, §§ 178.900, *et seq.*, RSMo 1978 promulgated rules regulating the agencies which operate sheltered workshops, 5 CSR 70–770.010–770.050. These regulations set forth various requirements which a sheltered workshop facility must meet, such as obtaining fire and liability insurance coverage, complying with federal, state and local building and property laws and regulations, and providing appropriate equipment, lighting, and physical features adequate for the health and well-being of the special employees. On October 9, 1985, appellant held the public hearing required by § 178.920.2 RSMo 1978 to receive oral statements of public support or opposition. A record was made of the letters and statements received by the appellant. None of the public hearing testimony was sworn, nor was an adversarial proceeding conducted.

On November 20, 1985, Otis E. Thompson, Director of the Extended Employment Sheltered Workshops of the Department of Elementary and Secondary Education, sent a letter to plaintiff Welsch that the Department had determined that the proposed sheltered workshop he had requested to establish did not fall within the guidelines

of § 178.900, *et seq.*, RSMo 1978. Specifically the letter quoted § 178.900(3) which defines a sheltered workshop as "an occupation-oriented facility, operated by a not for profit corporation, which, except for its staff, employs only handicapped persons." Because plaintiffs' proposal consisted of placing workers in pre-existing industrial settings rather than establishing a new workshop for employment of the handicapped, appellant decided the proposal was not covered by the statute.

Also, the letter cited § 178.900(2) which defines a handicapped person for purposes of the statute as:

"a lower range educable or upper range trainable mentally retarded or other handicapped person sixteen years of age or over who has had school training and has a productive work capacity in a sheltered environment adapted to the abilities of the mentally retarded but whose limited capabilities make him nonemployable in competitive business and industry and unsuited for vocational rehabilitation training."

Appellant concluded that plaintiffs' proposal demands that the employees be suitable for vocational training and placement in competitive work environments, thus, the plan while laudable does not meet the needs of the specific handicapped persons § 178.900, *et seq.*, RSMo 1978 was designed to help.

Thereafter, plaintiffs filed a petition for review under Chapter 536 in the St. Louis County Circuit Court, praying that the court review the record, reverse appellants' decision, and order appellant to issue a certificate of approval for plaintiffs' proposal. On January 21, 1986 appellants filed a motion to dismiss for lack of venue. The motion alleged that although plaintiffs' petition did not so state, it was filed pursuant to § 536.150 RSMo 1978 and venue under that section is proper only in Cole County, Missouri. Section 508.010 RSMo 1978. The circuit court denied appellant's motion to dismiss. The parties briefed the remaining issues and the court heard oral argument. On August 29, 1986 the circuit court reversed appellants' decision that plaintiffs' proposed sheltered workshop would not be a proper agent of the state pursuant to §§ 178.900–178.960, RSMo and ordered appellant to issue its certificate of approval to plaintiffs. After denial of post-decision motions, this appeal followed.

Appellant raises three issues on appeal: (1) the trial court erred in refusing to dismiss the suit for lack of venue, (2) the trial court did not have jurisdiction under § 536.110 RSMo 1978 because the proceeding appealed from was not adversarial [a contested case], and (3) assuming venue and jurisdiction, the appellants' decision must be affirmed because plaintiffs' proposal does not fall within the statutory requirements of § 178.900, *et seq.*, RSMo 1978. We find the venue issue controlling and reverse.

▉ Plaintiffs sued in St. Louis County Circuit Court presumably on the theory that a § 178.920.2 RSMo 1978 public hearing was a proceeding subject to administrative review of a "contested case" pursuant to § 536.100, *et seq.*, RSMo 1978. Review of state agency administrative decisions in matters which were not within the classification of contested cases may be had under § 536.150, but venue would be in Cole County. *See, State ex rel. State Tax Commission v. Walsh,* 315 S.W.2d 830 (Mo. banc 1958). The venue statute of Missouri clearly places the duty upon the plaintiff to bring his action in the county where the defendant resides. Section 508.010 RSMo 1978; *see, State ex rel. Wasson v. Schroeder,* 646 S.W.2d 105 (Mo. banc 1983). Only in instances where review is of a "contested case" pursuant to § 536.063, *et seq.,* does the special venue statute § 536.110.3 apply.

The issue of venue depends upon whether a § 178.920.2 RSMo 1978 hearing is a contested case. The answer can be derived from a review of the statutes. Section 536.063 RSMo 1978 provides for the commencing of a contested case "by the filing of a writing by which the party or agency instituting the proceeding seeks such action as by law can be taken by the agency only after opportunity for hearing, or seeks a hearing for the purpose of obtaining a

decision reviewable upon the record...." For such hearings § 536.067 mandates that the agency shall provide notice to all necessary parties. This section prescribes the specifics of such notice. Section 536.070 details the manner of a hearing in a contested case: only sworn testimony shall be taken; the parties have the right to call and examine witnesses, introduce exhibits, and cross-examine opposing witnesses; a record shall be made; and evidentiary rules as prescribed shall be followed. Section 536.073 describes the procedure for taking depositions. Section 536.077 authorizes the agency to issue subpoenas for contested cases. Section 536.080 permits the parties to file briefs. Section 536.090 states that "[e]very decision and order in a contested case shall be in writing, and ... shall include or be accompanied by findings of fact and conclusions of law."

 Applying these statutory requirements to the facts before us, we find that a § 178.920.2 RSMo 1978 hearing was not held pursuant to the above format and does not qualify as a "contested case" or for special venue. The record before us reflects the fact that a number of citizens made prepared or extemporaneous statements in support of defendants' proposed sheltered workshop. However, no agency instituted a proceeding leading to a proposed action by the agency; there were no parties to notify, no sworn testimony taken, no direct or cross examination, no exhibits or documents were introduced, no evidentiary rules were required; in short, no adversarial proceeding of any kind occurred.

The key factor in determining whether or not this is a "contested case" is the determination of the type of hearing held. The Missouri Supreme Court considered the definition of a contested case in *State ex rel. Leggett v. Jensen*, 318 S.W.2d 353 (Mo. banc 1958). The court found a "contested case" "does not mean *every* case in which there may be a contest about 'rights, duties or privileges', but instead one in which the *contest* is required by law to be decided in a hearing before an administrative agency." (our emphasis) *Id.* at 356. The court later defined "hearing" in *City of Richmond Heights v. Board of Equalization of St. Louis County*, 586 S.W.2d 338 (Mo. banc 1979). There the court concluded that "the element of adversity is essential to the meaning of 'hearing' as it is used in § 536.010" and that "in using the term 'hearing' in § 536.100, the General Assembly contemplated an adversary proceeding." *Id.* at 342–343.

Because there was no hearing on a contested case, we hold that the special venue statute § 536.110.3 does not apply. The general venue statute § 508.010 controls. Proper venue against appellant state agency in the present case lies only in Cole County, Missouri. Judgment reversed.

PUDLOWSKI, P.J., and CRANDALL, J., concur.