HOUSING AUTHORITY OF ST. LOUIS COUNTY, Plaintiff–Respondent,

v.

Maurice LOVEJOY, Defendant–Appellant.

No. 54198.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 27, 1988.

Susan M. Alverson, Alexa Shabecoff, F. Diane Taylor, Legal Services of Eastern Mo., Inc., St. Louis, for defendant-appellant.

Steven Garrett, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Chief Judge.

Appellant, Maurice Lovejoy, is a low-income tenant of a public housing program administered by respondent, Housing Authority of St. Louis County (Housing Authority), a municipal corporation which receives and distributes federal aid under the National Housing Act, 42 U.S.C. § 1437 *et seq.* On August 7, 1985, after appellant had received notice of the non-renewal of his lease and pursuant to his request, the Housing Authority conducted a grievance hearing on respondent's non-renewal of appellant's lease. The hearing panel determined respondent's decision not to renew

was proper. Appellant Lovejoy did not appeal the panel's decision within thirty days. Respondent proceeded with a previously instituted unlawful detainer action which had been stayed pending the outcome of the hearing. The trial court dismissed the unlawful detainer action on grounds which were later reversed by this court. *Housing Authority of St. Louis County v. Lovejoy*, 731 S.W.2d 510 (Mo.App.1987). On remand, the circuit court granted respondent Housing Authority's motion for summary judgment. Appellant, Lovejoy appeals.

In granting summary judgment, the circuit court held appellant collaterally estopped from raising issues previously determined, in the tenant grievance proceeding, as defenses to the unlawful detainer action. The circuit court believed that the grievance hearing was a contested case under the Missouri Administrative Procedure Act (MAPA), § 536.010 *et seq.* RSMo (1986). The circuit court reasoned that the appellant was collaterally estopped from raising the issue of improper termination of the lease because appellant failed to seek judicial review of the grievance panel's adverse decision within thirty days as is required by MAPA. Section 536.110 RSMo (1986). We disagree with the circuit court's conclusion that the Missouri Administrative Procedure Act applies to the Housing Authority's grievance proceeding and reverse the circuit court's grant of summary judgment.

The provisions of MAPA do not apply to the Housing Authority's grievance proceeding. For § 536.110 RSMo to apply, the grievance hearing must be a "contested case." Section 536.010 *et seq.* RSMo (1986). A contested case is "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." Section 536.010(2) RSMo (1986). Missouri courts have further refined this definition. A "contested case" is a case "which *must* be contested because of some requirement by statute, municipal charter,

ordinance or constitutional provision for a hearing of which a record must be made unless waived." *Kopper Kettle Restaurants, Inc. v. City of St. Robert,* 439 S.W. 2d 1, 3 (Mo.App.1969); *State ex rel. Leggett v. Jensen,* 318 S.W.2d 353, 356 (Mo. 1958). Federal regulations require the Housing Authority provide a hearing at a tenant's request. 24 C.F.R. § 966.50 *et seq.* (1988). This does not end the inquiry, however.

"The element of adversity is essential to the meaning of 'hearing' as it is used in § 536.010 ... in using the term 'hearing' in § 536.100, the General Assembly contemplated an adversary proceeding." *Welsch v. Department of Elementary & Secondary Education,* 731 S.W.2d 450, 453 (Mo. App.1987). In *Welsch,* the court compared the procedures of a contested case with those of the hearing then at issue. The court found the hearing procedures so lacking that "in short, no adversarial proceeding of any kind occurred." *Welsch,* 731 S.W.2d at 453. The court held the hearing did not constitute a contested case, despite the fact a hearing was required by law. We therefore must consider whether the grievance hearing was of a sufficiently adversarial nature so as to constitute a "hearing" under MAPA.

Section 536.070 RSMo details the hearing procedures of a contested case. Oral evidence can be taken only on oath or affirmation; parties have the right to call and examine witnesses, to introduce exhibits, to cross-examine opposing witnesses, to impeach any witness and to rebut the evidence against him; a record of the proceeding must be made and preserved; and evidentiary rules as prescribed must be followed.

■ In the instant case nothing in the record indicates that the witnesses were sworn. Nor was Mr. Lovejoy afforded an adequate chance to cross-examine witnesses. The record discloses that witness statements were read into the record. This deprived Mr. Lovejoy an opportunity to cross-examine those witnesses. The record contains nothing which indicates that Mr. Lovejoy was afforded an adequate opportunity to present exhibits or witnesses on his behalf. The hearing appellant received does not conform to the procedures of a contested case. The inability of the appellant to put on or rebut evidence as well as the absence of sworn testimony demonstrates the hearing was not conducted with the adversarial nature necessary for a "hearing" under MAPA.

■ Further, an analysis of the statutory scheme demonstrates that the grievance hearing is not a contested case within the ambit of MAPA. In establishing a national housing program, the federal government found it necessary to establish grievance procedures to effectuate the plan's purposes. The procedures were not intended to supersede or substitute for the procedures of state law. The federal regulations expressly provide:

A decision by the hearing officer, hearing panel or Board of Commissioners in favor of [the Housing Authority] or which denies the relief requested by the complainant in whole or in part shall not constitute a waiver of, nor affect in any manner whatever, any rights the complainant may have to a trial de novo or judicial review in any judicial proceedings, which may thereafter be brought in the matter.

24 C.F.R. § 966.57(c). Like the federal regulation, the respondent's grievance procedure provides: "Paragraph (F). Decisions by the Hearing Panel shall not constitute a waiver of, nor affect in any manner, whatever rights the complainant or the authority may have to a trial de novo in judicial proceedings which may thereafter be brought in the matter." The grievance hearing was not intended to determine the tenant's rights. It was instead intended to prevent the Housing Authority, acting in the capacity of a landlord, from wrongfully or prematurely infringing on a tenant's rights. The findings of the authority are equivalent to a notice to vacate the premise served by a private landlord on a private

tenant. The appellant's rights were left unaffected by the findings of the Housing Authority. The Housing Authority's decision is simply a landlord's decision not to renew the lease. The legal rights of the parties remain unadjudicated. *In re Woods*, 133 Vt. 126 330 A.2d 94 (1974).

█ Assuming this was a contested case, the applicability of collateral estoppel to this case is dubious. A necessary element of collateral estoppel is that the parties have a full fair opportunity to litigate the issue below. *Bresnahan v. May Department Stores, Co.*, 726 S.W.2d 327 (Mo. banc 1987). The procedures employed in the grievance hearing leave us with grave doubts as to whether Mr. Lovejoy had such an opportunity. In an unlawful detainer action the Housing Authority bears the burden of proving the tenancy was lawfully terminated. *St. Louis Housing Authority v. Thompson*, 657 S.W.2d 390 (Mo.App. 1983). In the grievance proceeding employed here, the decision to terminate is presumed correct, the tenant bearing the burden of making a prima facie case against termination. 24 C.F.R. § 966.56(c); Tenant Grievance Procedure (D)(S). The absence of adversarial procedures in the grievance proceeding, discussed above, as well as the difference in burden of proofs makes the case for collateral estoppel difficult.

We conclude, the hearing is not a "contested case" within the meaning of MAPA. The appellant is not estopped from asserting his defenses to the unlawful detainer action. Summary judgment is thus improper. A genuine issue of material fact remains as to whether the lease was terminated for good cause.

The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.

GRIMM, P.J. and KAROHL, J., concur.