J. Scott **HAGELY** and Mary Helen Brindell, Appellants,

v.

**BOARD OF EDUCATION OF the WEBSTER GROVES SCHOOL DISTRICT,** Respondent.

No. 74726.

Supreme Court of Missouri, En Banc.

Nov. 24, 1992.

PRICE, Judge.

J. Scott Hagely and Mary Helen Brindell appeal the dismissal of their salary grievance petition against the Board of Education of the Webster Groves School District. The primary issue is whether appellants' grievance hearing was barred by the fifteen-day limitation period in § 168.120.1 of the Teacher Tenure Act, or by the thirty-day limitation period in § 536.110.1 of the Missouri Administrative Procedure Act.[1] We hold that neither limitation period applies. We reverse the dismissal and remand to the trial court.

## I.

When reviewing the dismissal of a petition we allow the pleading its broadest intendment, treat all facts alleged as true, construe the allegations favorably to the plaintiff, and determine whether the averments invoke principles of substantive law. *Shapiro v. Columbia Union Nat'l Bank & Trust Co.*, 576 S.W.2d 310, 312 (Mo. banc 1978), *cert. denied*, 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979). Viewed in this light, appellants' petition establishes the following facts.

At all times pertinent to this suit, appellants have been employed by the Board as permanent teachers with indefinite contracts within the meaning of § 168.104 of the Missouri Teacher Tenure Act, §§ 168.-102 to 168.130. During the term of their employment, the Board established annual salary schedules for each coming school year pursuant to § 168.110, RSMo 1986 & Supp.1991. The salary schedules were divided into five "channels" or tracks corresponding to the teachers' attained educational levels. Each channel was further divided into several steps.

From the 1980–81 school year through the 1985–86 school year, teachers progressed one step within their current channels for each year of employment. Those who completed the requirements of a higher channel during any school year, by earning an advanced degree or accumulating additional credit hours, were moved to the higher channel and also progressed one step within the new channel in the succeeding

Charles A. Werner, St. Louis, for appellants.

Douglas A. Copeland, Stephen C. Hiotis, Clayton, for respondent.

1. All references are to RSMo 1986 unless otherwise indicated.

school year. For example, a teacher who completed a Master's degree while on step 10 of the Bachelor's channel would move up to step 11 of the Master's channel the following school year.

In May 1986 the Board adopted a salary schedule that reduced the number of steps within each channel, and a Salary Step Conversion Table that changed the order of progression among the steps. Under the table, veteran teachers with advanced degrees were either held in place or dropped as many as five steps beginning in the 1986–87 school year, with the drop becoming progressively greater in the higher steps. Thus, a hypothetical teacher who obtained a Master's degree while on step 10 of the Bachelor's channel would now move down to step 7 of the Master's channel the following school year. Similar conversion tables were in effect from the 1986–87 through the 1989–90 school years.

During the 1990–91 school year, the Board abandoned the step conversion approach and returned to the original progression scheme, whereby teachers who attained a higher educational level once again moved to the appropriate channel and advanced one step. The Board did not, however, apply the new policy retroactively. Consequently, those teachers who had moved to a higher channel and lost steps between 1986 and 1989 remained in their lower relative positions, even though newer teachers and those who earned advanced degrees after 1989 continued to progress to higher steps at the pre–1986 rate.

The present action was brought by two teachers who found themselves in that unhappy situation. Hagely was at step 9 in the Bachelor's channel when he received his Master's degree in July 1987. Under the conversion table then in effect, he was dropped to step 6 of the Master's channel for the 1988–89 school year instead of rising to step 10. He now asserts that, because he has remained four steps behind his cohort for the past three years, he has been undercompensated approximately $15,000 in salary and $1,500 in retirement

benefits, plus interest. Similarly, Brindell was at step 13 in the Bachelor's channel when she received her Master's degree in August 1989. The conversion table caused her to lose one step during each of the 1989–90 and 1990–91 school years. She claims damages of approximately $7,000 in salary and $700 in retirement benefits, plus interest.

Appellants filed grievances objecting to their loss of wages and benefits, and were given a hearing before the Board on June 5, 1990. The details of that hearing were not introduced into evidence. Appellants' requests to be relocated on the salary schedule were denied on June 28, 1990.

Some six months later, on January 2, 1991, appellants filed their petition in the Circuit Court of St. Louis County. Appellants assert that the Board's adoption of the Salary Step Conversion Tables and corresponding changes in the placement of teachers within higher channels violated the Teacher Tenure Act, and arbitrarily and discriminatorily denied them benefits to which they are entitled under the past practices of the Board. Appellants aver that they have exhausted all administrative procedures and request the issuance of revised contracts for 1990–91, back pay, additional contributions into the retirement system, costs and attorney's fees.

The Board filed a motion to dismiss asserting that it lacks the capacity to be sued, that the action is time barred, and that appellants failed to state a claim upon which relief can be granted. The Board also filed alternative motions to transfer to equity and for a more definite statement. The circuit court sustained the motion to dismiss on the grounds that the claims were barred by the time limitations set forth in both the Teacher Tenure Act, § 168.120, and the Administrative Procedure Act, § 536.110.[2]

## II.

In their first point appellants argue that the fifteen-day limitation period found in § 168.120.1[3] of the Teacher Tenure Act

---

**2.** Other grounds not briefed below or here are not addressed.

**3.** § 168.120.1 states as follows:

The teacher shall have the right to appeal from the decision of the board of education to the circuit court of the county where the em-

applies exclusively to termination or demotion decisions made after a hearing pursuant to § 168.118, and not to other decisions made by school boards generally or pursuant to internal grievance procedures. They contend that § 168.120.1 should apply only within the context of §§ 168.114 through 168.120. Consequently, appellants assert that the time limitation of § 168.120.1 does not bar their claims because they do not claim to have been terminated or demoted. The Board counters that the plain language of § 168.120 provides no limitation regarding its scope and applicability.

■ In construing statutes, the Court's primary responsibility is to ascertain the intent of the General Assembly from the language used and to give effect to that intent. Provisions of the entire legislative act must be construed together and, if reasonably possible, all provisions must be harmonized. *Community Fed. Sav. & L. Ass'n v. Director of Revenue*, 752 S.W.2d 794, 798 (Mo. banc 1988), *cert. denied*, 488 U.S. 893, 109 S.Ct. 231, 102 L.Ed.2d 221. Related clauses are to be considered when construing a particular portion of a statute. *Marre v. Reed*, 775 S.W.2d 951, 953 (Mo. banc 1989).

■ We conclude that § 168.120 cannot be read in isolation from the preceding sections that pertain solely to terminations and demotions. The "decision of the board" mentioned in § 168.120.1 must be read in the context of §§ 168.114 through 168.118, which concern themselves solely with termination or demotion "decisions." Appellants do not aver that they were terminated or demoted by respondent. Accordingly, the fifteen-day limitation period

of § 168.120.1 is not applicable to their claims.

### III.

■ In their second point appellants contend that the thirty-day limitation period of § 536.110.1[4] of the Missouri Administrative Procedure Act (MAPA) is inapplicable to their claims because their petition does not seek review of a contested case.[5] Since this limitation period is contained within §§ 536.100 to 536.140,[6] the statutes governing the judicial review of contested cases, it applies only if the June 5, 1990, grievance hearing was a contested case. *State ex rel. Fortney v. Joiner*, 797 S.W.2d 848, 851 (Mo.App.1990); *Housing Auth. of St. Louis v. Lovejoy*, 762 S.W.2d 843, 844 (Mo. App.1988).

The MAPA defines a "contested case" as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." § 536.010(2). This Court has explained that a "'contested case' within the meaning of the Act does not mean every case in which there may be a contest about 'rights, duties or privileges' but instead one in which the contest is required by law to be decided in a hearing before an administrative agency." *State ex rel. Leggett v. Jensen*, 318 S.W.2d 353, 356 (Mo. banc 1958). Conversely, the Court defined "'noncontested' administrative decisions" as "decisions which are not required by law to be determined after hearing." *State ex rel. Wilson Chevrolet, Inc., v. Wilson*, 332 S.W.2d 867, 870 (Mo. 1960).

---

ploying school district is located. The appeal shall be taken within fifteen days after service of a copy of the decision of the board of education upon the teacher, and if an appeal is not taken within the time, then the decision of the board of education shall become final.

**4.** § 536.110.1 states as follows:
Proceedings for review may be instituted by filing a petition in the circuit court of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision.

**5.** We note that the remedy of appeal afforded under § 168.120 is "exclusive, mandatory and jurisdictional," and that § 536.110 has no appli-

cation to decisions governed by § 168.120. *Dorf v. Consolidated School Dist. No. 4*, 739 S.W.2d 751, 753 (Mo.App.1987). Accordingly, appellants' claims cannot be barred by *both* statutes of limitation.

**6.** The pertinent provision is found in § 536.100, which states:
Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision *in a contested case* ... shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140, unless some other provision for judicial review is provided by statute ... [emphasis added].

Appellants contend that a salary grievance hearing is not "required by law." Admittedly, no statute gives affected teachers the right to appeal salary decisions made by the board of education. However, the hearing requirement need not arise from a statute alone.[7]

In explaining MAPA's "contested case" concept, this Court stated:

We think this means that a "contested case" (to which the Administrative Procedure Act and its judicial review provisions apply) is a case which *must* be contested before an administrative agency because of a requirement (by constitutional provision, statute, municipal charter provision or ordinance; see Sec. 536.-105, subd. 1) *for a hearing before it* of which a record must be made unless waived. § 536.060.

*Jensen*, 318 S.W.2d at 356 [emphasis in original]. The Court borrowed its parenthetical list of sources for the hearing requirement from the noncontested decision judicial review statute, § 536.105 [now § 536.150]. That provision, however, applies only when there is *no* hearing "required by law," and the constitution, statutes, municipal charters and ordinances are mentioned as sources of authority for the agencies themselves. We doubt that this list was meant to exhaust the types of "law" from which a hearing requirement may be derived, particularly since this issue was not in contention in *Jensen*.

Our court of appeals has suggested that a hearing requirement found in a regulation or by-law may suffice to meet the definition of a contested case. *Phipps v. School Dist. of Kansas City*, 588 S.W.2d 128, 133 (Mo.App.1979); *cf. Long v. Bates Cty. Memorial Hosp.*, 667 S.W.2d 419, 421 (Mo.App.1983). We need not decide whether this suggestion is correct. Even assuming that a hearing was "required by law" in this instance, there is no evidence in the record that the hearing given to appellants met the due process requirements of a contested case.

In a contested case, the agency must provide notice to all necessary parties. § 536.067. At the hearing, oral evidence must be taken on oath or affirmation; the parties may call and examine witnesses, introduce exhibits, cross-examine opposing witnesses, impeach any witness, and rebut the evidence; a record of the proceedings must be made and preserved; and evidentiary rules must be followed. § 536.070. Depositions may be taken, subpoenas may be issued, and briefs may be filed. §§ 536.-073, RSMo Supp.1991; 536.077, 536.080. Decisions must be in writing and must include findings of fact and conclusions of law. § 536.090.

A measure of procedural formality[8] is essential to the meaning of "hearing" as it is used in § 536.010. *City of Richmond Heights v. Bd. of Equalization*, 586 S.W.2d 338, 342–3 (Mo. banc 1979). The term "hearing" presupposes a proceeding before a competent tribunal in which adversarial parties are apprised of all the evidence offered or considered, with the opportunity to test, examine, explain, or refute such evidence, and have the right to present their contentions and to support them by proof and argument. "Thus, *there is no 'hearing' when the party does not know what evidence is offered or considered, and is not given an opportunity to test, explain, or refute."* *Id.* at 342 [emphasis in original].

A hearing that is not held pursuant to the procedural format necessary under MAPA does not qualify as a contested case, even though the hearing is re-

---

7. The original definition of "contested case" encompassed only hearings "required by *statute.*" § 536.010, RSMo 1949. The 1957 revision of MAPA widened the definition to include hearings "required by *law.*" Laws 1957, p. 748.

8. The original citation from *City of Richmond Heights* refers to "the element of adversity." We have substituted the phrase "procedural formality" to avoid confusing connotations in this case, where the parties are obviously "adverse" to one another. In *City of Richmond Heights*, the plaintiffs were not parties in the hearing sought to be reviewed. The Court ruled that a contested case requires an adversary proceeding, meaning a proceeding *between adversary parties.* 586 S.W.2d at 342–3. The Court's discussion indicates that the requirement of "adversity" is simply meant to ensure the observance of the procedural formalities that attend a full adjudicatory hearing between adversary parties. *Id.*

quired by law. *Welsch v. Dep't of Elementary & Secondary Educ.*, 731 S.W.2d 450, 453 (Mo.App.1987). When the record contains nothing to indicate that the witnesses were sworn or that appellant was afforded an adequate opportunity to present exhibits or witnesses on his behalf, the hearing at issue is not a contested case as contemplated by § 536.110.1. *Lovejoy*, 762 S.W.2d at 845. Accordingly, the thirty-day limitation period does not apply to such a hearing. *Id.* at 844.

■ The parties did not enter into the record [9] any description of the "hearing" that took place on June 5, 1990. The only evidence of the Board's subsequent decision is an affidavit of its president, which attaches copies of the notification letters mailed to appellants by the Board on June 28, 1990. In the absence of any evidence that the hearing given to appellants was conducted in conformity with the procedural requirements of an adversary hearing under MAPA, the hearing was not a contested case. Accordingly, appellants' claims are not subject to the time limitation of § 536.110.1.

## IV.

### A.

■ Appellants' third point contends that the appropriate time limitation applicable to their claims is the "reasonable time" standard. An administrative decision that is not a contested case under MAPA is a noncontested decision subject to judicial review pursuant to § 536.150. *Kish v. Chilhowee R–IV School Dist.*, 814 S.W.2d 649, 652–3 (Mo.App.1991); *cf. Golden Rule Ins. Co. v. Crist*, 766 S.W.2d 637, 638 (Mo. banc 1989).

No statute, nor Rule 100 relating to judicial review of administrative decisions, sets forth any time limitation on the filing of a petition under § 536.150 by which review may be had in a noncontested case. Because there is no time limit established for an action seeking review of a noncontested case, the only requirement is that the petition be filed within a reasonable time.

*Fortney*, 797 S.W.2d at 851; *see also Firearm's Security v. Armory Facilities*, 760 S.W.2d 402, 408 (Mo. banc 1988) (Blackmar, J., dissenting).

It is proper to address the timeliness of the petition at this point, since the issue will arise upon remand to the circuit court. The parties disagree as to what constitutes a reasonable time under the circumstances of this case. The Board urges that appellants' claims are particularly time sensitive, in that they demand additional compensation for services that continued after the claims arose.

We resolve the question by noting that there are in fact two critical time periods involved here. The first period corresponds to the several intervals between the dates when appellants received notice of their proposed salaries and classifications for each upcoming school year, and the date they initiated their grievance procedure. These intervals, not being subject to any statutory limitation, are analyzed under the doctrine of laches. The second period is the interval between the date when appellants received notice of the Board's decision, and the date they filed suit. This interval is subject to the reasonable time standard of § 536.150.

### B.

■ We first analyze the delay between the occurrence of the acts complained of and appellants' initiation of their grievance procedure. "Laches" is the neglect for an unreasonable and unexplained length of time, under circumstances permitting diligence, to do what in law should have been done. *Metropolitan St. Louis Sewer Dist. v. Zykan*, 495 S.W.2d 643, 656 (Mo.1973). There is no fixed period within which a person must assert his claim or be barred by laches. Mere delay does not of itself constitute laches; the delay involved must work to the disadvantage and prejudice of the defendant. Where no one has been harmed in any legal sense, and the

**9.** Appellants attached a copy of the Webster Groves School District Staff Complaint Procedure to their response to the Board's motion to dismiss. As this document is neither an affidavit, a deposition, nor oral testimony, it may not be considered by the trial court to establish facts not appearing of record that are pertinent to a motion. *Rule 55.28.*

situation has not materially changed, the delay is not fatal. *Id.* at 656–7.

Appellants seek the issuance of revised contracts for the 1990–91 school year, plus back pay, interest, and additional contributions into the retirement system on their behalf. Although this is not entirely clear, they apparently demand back pay, interest, and retirement benefits starting from the school year following the date in which each appellant earned a Master's degree. Hagely earned his degree in 1987, and Brindell earned hers in 1989. Hagely's claim covers a period of three years (the 1988–89, 1989–90, and 1990–91 school years), and Brindell's claim covers two years (the 1989–90 and 1990–91 school years).

■■■■ The Board is required to fix salaries for the coming school year by May 15 of each year. § 168.110, RSMo Supp.1991. Appellants filed their grievance some time before June 5, 1990. Clearly, their claims covering the 1990–91 school year were timely pursued. However, appellants' attempt to recover damages for earlier school years may well be untimely.

■■■■ Laches is a question of fact to be determined from all the evidence and circumstances adduced at trial. *Zykan,* 495 S.W.2d at 657. Accordingly, this issue must be remanded to the circuit court to determine whether appellants are barred by laches from pursuing their claims for the earlier school years. No clear test has been established for the application of laches, nor are we able to set one now. Basically, the court must determine whether the harm to the Board in allowing the suit to proceed outweighs the harm to appellants in failing to consider their claims.

■■■■ On remand, the circuit court should attempt to balance the hardships and practicalities facing each party by inquiring into the circumstances surrounding appellants' delay in invoking their administrative remedies, and the effect of allowing claims against the Board for past budget years. Because the statutory limitation periods in this area tend to be quite short (fifteen and thirty days, as discussed above), it could be inferred that the General Assembly intended the prompt resolution of matters related to yearly school budgets. Nevertheless, the Board will have the burden of proving prejudice or change in circumstances sufficient to defeat appellants' claims covering the earlier school years. *Zykan,* 495 S.W.2d at 657.

### C.

■■■ The post-hearing interval is more easily analyzed. In *Fortney,* the court of appeals held that a petition for review filed approximately four months after appellant received notice of an adverse decision was timely filed. 797 S.W.2d at 851. We find that under the circumstances of this case, a delay of slightly over six months after appellants received notice of the Board's adverse decision was not unreasonable, and their petition was timely.

In light of our disposition of appellants' third point, it is unnecessary to address their contention that their claims are subject to the five-year statute of limitations for actions upon contracts, obligations, or liabilities created by statute. § 516.120. Our ruling that appellants' claims are subject to, and thus brought under, § 536.150 likewise disposes of the Board's contention that the petition fails to state a claim upon which relief can be granted.

Finally, we note that § 536.150 provides that noncontested administrative decisions "may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action". Although appellants' petition is not explicitly characterized as any of the above, "misconceiving the precisely applicable remedy should not be fatal." *Morrell v. Harris,* 418 S.W.2d 20, 22 (Mo.1967). "Just what label is attached to the petition for review cannot be considered of any real significance." *Phipps,* 588 S.W.2d at 133.

The judgment of dismissal is reversed and the cause remanded to the circuit court for further proceedings in accordance with this opinion.

All concur.