**Clifton RACKLEY, Appellant,**

v.

**The FIREMEN'S RETIREMENT SYSTEM, Respondent.**

No. 61892.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 5, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 10, 1993.

Application to Transfer Denied
March 23, 1993.

Alif Amon Williams, St. Louis, for appellant.

Kathleen A. Gormley, Michael Garvin, St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Clifton Rackley, appeals a judgment of the Circuit Court of the City

of St. Louis affirming a determination made by respondent, The Firemen's Retirement System, denying disability retirement for appellant. We dismiss for lack of jurisdiction.

Appellant served as a firefighter with the St. Louis City Fire Department from March 16, 1980, until his discharge on March 30, 1988.[1] On February 5, 1987, appellant was involved in an accident. While extinguishing a fire, a sudden pressure on the fire hose threw appellant backward into a refrigerator, causing him to strike his shoulder and back. This was the fifth injury claimed by appellant over a ten-month period.

Allegedly due to continuing back pain caused by the February, 1987 accident, appellant filed an application for a service-connected disability retirement pursuant to Section 4.18.155 of the Revised Code of the City of St. Louis. Upon receipt of the application, the Board of Trustees for the Firemen's Retirement System appointed a Medical Board consisting of three orthopedic surgeons. The responsibilities of this Medical Board included reviewing appellant's medical records, examining him, and forwarding a recommendation to the Board of Trustees. Based on a unanimous finding by the Medical Board that no orthopedic abnormality existed to explain appellant's alleged inability to function as a firefighter, the Board of Trustees denied appellant's application for disability retirement benefits.

Appellant then requested a hearing before the Retirement Board at which he was allowed to testify. Upon completion of the hearing, the retirement benefits were again denied appellant on October 27, 1988.

An appeal was filed in the Circuit Court of the City of St. Louis on November 28, 1988. On December 8, 1989, the appeal was dismissed without prejudice for appellant's failure to prosecute. A second petition for review was filed by appellant on January 22, 1990. On July 25, 1990, respondent filed a motion to dismiss due to the untimeliness of the appeal. The trial court denied the motion and upheld the findings of the Board of Trustees on March 11, 1992. This appeal ensued.

Initially, we find the necessity of addressing the timeliness of the appeal filed in the circuit court. Respondent asserts that though appellant's first petition for review was timely filed, the subsequent dismissal, then refiling in January of 1990, caused the appeal to be brought in an untimely manner. If this is true, asserts respondent, this court has no jurisdiction to consider the matter before it.

A petition for review of an administrative decision may be brought pursuant to RSMo § 536.110 (1986),[2] for a contested case, or pursuant to RSMo § 536.150 (1986),[3] for an uncontested case. A peti-

---

1. The reason given for such discharge was appellant's inability or unwillingness to perform the duties of a firefighter. This discharge was upheld on appeal before the Civil Service Commission of the City of St. Louis.

2. RSMo § 536.110.1 states:
   Proceedings for review [of an administrative decision] may be instituted by filing a petition in the circuit court of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision.

3. RSMo § 536.150 states:
   1. When any administrative officer or body existing under the constitution or by statute or by municipal charter or ordinance shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person, including the denial or revocation of a license, and there is no other provision for judicial inquiry into or review of such decision, such decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action, and in any such review proceeding the court may determine the facts relevant to the question whether such person at the time of such decision was subject to such legal duty, or had such right, or was entitled to such privilege, and may hear such evidence on such question as may be properly adduced, and the court may determine whether such decision, in view of the facts as they appear to the court, is unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involves an abuse of discretion; and the court shall render judgment accordingly, and may order the administrative officer or body to take such further action as it may be proper to require; but the court shall not substitute its discretion for discretion legally vested in such administrative officer or body, and in cases where the

tion for review of a contested case must be filed within 30 days of the agency's final decision. RSMo § 536.110.1. Although there is no statutory time limit for filing a request for review of an uncontested matter, the statute has been interpreted as requiring filing within "a reasonable time." *State ex rel. Fortney v. Joiner,* 797 S.W.2d 848, 851 (Mo.App., W.D.1990).

A "contested case" is defined as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." RSMo § 536.010(2) (1986). "A 'contested case' is a case 'which *must* be contested because of some requirement by statute, municipal charter, ordinance or constitutional provision for a hearing of which a record must be made unless waived.'" *Housing Auth. of St. Louis v. Lovejoy,* 762 S.W.2d 843, 844–5 (Mo.App., E.D.1988) (citations omitted).

■ In this case the governing ordinance is Section 4.18.155 of the Revised Code of the City of St. Louis which reads:

> Upon application by the member or the Chief of the Fire Department any member who has become totally and permanently incapacitated for duty as the natural and proximate result of an accident occurring while in the actual performance of duty or exposure while in the actual performance of duty in response to an emergency call shall be retired by the Board of Trustees, if the Medical Board shall certify that the member is mentally or physically incapacitated for further performance of duty, that the incapacity is likely to be permanent and that the member should be retired.

This ordinance sets out the rights and privileges to be accorded a disabled firefighter by the Board of Trustees if certain findings are made and certified by an appointed Medical Board. Considering the ordinance in light of the definition of a

granting or withholding of a privilege is committed by law to the sole discretion of such administrative officer or body, such discretion lawfully exercised shall not be disturbed. 2. Nothing in this section shall apply to contested cases reviewable pursuant to sections 536.100 to 536.140.

"contested case", we find the matter, before us likely involves a contested case.

However, our review cannot stop here. A key factor to be considered in determining whether or not this is a "contested case" is the formality of the administrative hearing held. *Welsch v. Dept. of Elem. & Secondary Ed.,* 731 S.W.2d 450, 453 (Mo. App., E.D.1987). Statutory provisions under the Missouri Administrative Procedure Act require that, in contested cases, notice be given to all necessary parties, RSMo § 536.067; oral evidence be presented at the hearing under oath or affirmation, RSMo § 536.070; there be examination and cross-examination of witnesses, *Id.;* exhibits be utilized, *Id.;* evidentiary rules be followed and a record of the proceedings be preserved, *Id.;* decisions be in writing with findings of facts and conclusions of law, RSMo § 536.090. *See also Hagely v. Webster Groves Board of Education,* 841 S.W.2d 663, 668 (Mo.1992).

> A measure of procedural formality ... is essential to the meaning of "hearing" as it is used in § 536.010.... The term "hearing" presupposes a proceeding before a competent tribunal in which adversarial parties are apprised of all the evidence offered or considered, with the opportunity to test, examine, explain, or refute such evidence, and have the right to present their contentions and to support them by proof and argument....
>
> A hearing that is not held pursuant to the procedural format necessary under MAPA does not qualify as a contested case ... When the record contains nothing to indicate that the witnesses were sworn or that appellant was afforded an adequate opportunity to present exhibits or witnesses on his behalf, the hearing at issue is not a contested case ...

841 S.W.2d at 668–669.[4]

4. The *Hagely* court found a lack of formal procedure in the hearing there, thus removing the matter from the realm of contested cases.

Our review of the legal file offered in this case establishes that the Firemen's Retirement Board utilized a formal process for review of this matter. A transcript was prepared and provided for our use. Witnesses were called and sworn before testifying. In addition, witnesses were cross-examined by opposing counsel. Appellant's medical records were submitted as exhibits at the proceeding. The transcript indicates that evidentiary rules were utilized. Finally, at one point during the hearing, the Battalion Chief and Chairman of the Retirement Board stated to those in attendance: "[t]his is a formal hearing ..." [5]

Therefore, where, as here, the ordinance utilized requires a determination of rights, duties, etc. after a formal proceeding before a competent tribunal, the matter is to be viewed as a "contested case," falling within the purview and time limitations of RSMo § 536.110.

■ Although appellant's initial appeal was filed in a timely manner, the second petition for review was filed well beyond the 30–day limit. "A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred ..." Rule 67.03. Appellant's initial petition for review was filed near the end of the 30 days within which such appeal could be filed. Therefore, even if appellant had attempted to refile his appeal on December 8th, the very day the matter was dismissed without prejudice, the refiling would have been time barred by more than a year. As such, the circuit court was without jurisdiction to review the agency proceedings. Therefore, we lack jurisdiction as well, and the findings of the Board of Trustees of the Firemen's Retirement System must stand.

SMITH and CRANDALL, JJ., concur.

---

5. Although the Board failed to issue findings of fact and conclusions of law as required by RSMo § 536.090, we do not reach that point here.