In re THF CHESTERFIELD NORTH DEVELOPMENT, L.L.C.,

and

THF/TMI Chesterfield Office Development, L.L.C., Plaintiffs/Appellant,

v.

CITY OF CHESTERFIELD, Missouri, Defendant/Respondent.

No. ED 81060.

Missouri Court of Appeals, Eastern District, Division Five.

May 20, 2003.

14

Bradley A. Winters, David P. Stoeberl, St. Louis, MO, for appellants.

Douglas R. Beach, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Chief Judge.

The developers of two buildings, THF Chesterfield North Development, L.L.C. and THF/TMI Chesterfield Office Development, L.L.C., appeal the trial court's grant of summary judgment to the City of Chesterfield denying the developers the right to place additional signage outside of two buildings. However, our review of the

record makes plain that the city was not entitled to judgment as a matter of law due to a genuine dispute of a material fact, necessitating our reversal of summary judgment. Further, we remand the cause for *de novo* review of this noncontested administrative action.

*Factual and Procedural Background*

This dispute arose from the developers' desire to place second monument signs [1] at each of two new buildings they had constructed in Chesterfield. The buildings are free-standing, multi-story office/retail buildings, and are a part of the commercial and retail development known as Chesterfield Commons. The buildings are sited between Chesterfield Airport Road to the south and Interstate 64/U.S. Highway 40 to the north, and enjoy legitimate frontage on each of these roadways. The developers wanted to place two monument signs at each building, one facing each roadway, as permitted by Chesterfield's general sign ordinance.[2]

The Chesterfield Commons development was authorized by Ordinance 1344, passed in November of 1997, amending the zoning of 128.5 acres, including the land where the two buildings are located. Included in this ordinance are numerous criteria to be followed in the development of the property, development that might well occur in phases. In pertinent part, the ordinance requires the developers to submit a "site development concept plan" to the city for its review and approval. In conjunction with this submission, the developers are to submit a sign package to the city's planning department. After approval of this concept plan, the developers are to submit "site development section plans" to the city for review and approval. As commanded by Ordinance 1344, a section plan must include the location and size of all free-standing signs.

Accordingly, the developers submitted their concept plan and sign package to the city in November of 1998. The concept plan and sign package was approved by the city in January of 1999. Nearly two years later, in October of 2000, the developers submitted a site development section plan to the city's planning commission for approval. This plan embraced the development of an area to the north of Chesterfield Airport Road and included the buildings at issue. Further, this plan depicted two monument signs for each building— one facing Chesterfield Airport Road and one facing Highway 40. This plan was reviewed and approved by the city's planning commission in December of 2000.

Several weeks later, as they prepared to proceed with installation of the monument signs, the developers were informed that the planning commission's approval was required for installation of a second monument sign at each building. The developers, under protest, formally requested approval for a second monument sign at each building. After receiving a report from the planning department staff analyzing this request, the city's planning commission met and in January of 2001 denied the developers' request.

The developers filed suit in circuit court seeking to erect the second monument signs. The developers claimed this entitlement by virtue of the general sign ordinance which the city concedes would allow

---

1. Monument signs are "freestanding signs attached to a proportionate base, integrated planter or structural frame...." Chesterfield Ordinance 1003.168A.

2. That ordinance provides that "... each developed lot may have no more than one (1) freestanding business sign facing each roadway on which the lot has frontage...." Chesterfield Ordinance 1003.168C.2(1).

the construction of two monument signs at each building since the parcels had frontage on two roadways, but only if the general sign ordinance governed here. However the city contended that the buildings were subject to the more restrictive sign regulations of Ordinance 1344, and claimed that the concept plan and sign package that had been previously submitted and approved only related to the property south of Chesterfield Airport Road and had no relevance to the buildings at issue here. Thus, the city claimed, the developers were required to seek an amendment to the sign package. After a hearing on both parties' motions for summary judgment, the court denied the developers' motion for summary judgment, and entered judgment in favor of the city.

The developers appeal the trial court's grant of summary judgment in favor of the city, as well as the denial of their motion for summary judgment. The developers raise three points on appeal. First, they allege that summary judgment for the city was not warranted under the existing governing city ordinances. Next, the developers complain that the city based its decision on an erroneous premise set forth in the planning department report. And lastly, the developers allege the trial court applied the wrong standard of review.

### Our Standard of Review

Our review of the trial court's grant of summary judgment is essentially *de novo*. *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The propriety of summary judgment is purely an issue of law. *Id.* We need not defer to the trial court's order, as its judgment is founded on the record submitted and the law. *Id.* The criteria on appeal for testing the propriety of summary judgment are no different from those which should be used by the trial court to determine the propriety of sustaining the motion initially. *Id.*

Summary judgment is proper only in those situations in which the movant can establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Rule 74.04; *ITT*, 854 S.W.2d at 377. The movant has the burden to show a right to judgment flowing from facts about which there is no genuine dispute. *ITT*, 854 S.W.2d at 378. A court, in considering a motion for summary judgment, tests simply for the existence, not the extent, of these genuine disputes. *Id.* A genuine dispute exists where the record contains competent materials that evidences two plausible, but contradictory, accounts of the essential facts. *Id.* at 382. If a trial court, in order to grant summary judgment, must overlook material in the record that raises a genuine dispute as to the facts underlying the movant's right to judgment, then summary judgment is not proper. *Id.* at 378.

In determining the propriety of summary judgment, we are guided by three overriding principles. First, we review the record in the light most favorable to the party against whom judgment was entered. *ITT*, 854 S.W.2d at 376. Any evidence in the record that presents a genuine dispute as to the material facts defeats the movant's prima facie showing. *ITT*, 854 S.W.2d at 382. Second, the facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* at 376. The movant must establish that the material facts are not in genuine dispute. *Id.* at 382. If there is no contradiction and the movant has shown a right to judgment as a matter of law, the non-movant must create a genuine dispute by supplementing the record with compe-

tent materials that establish a plausible, but contradictory, version of at least one of the movant's essential facts. *Id.* It is not the "truth" of the facts upon which the court focuses, but whether those facts are disputed. *Id.* Where they are not, the facts are admitted for purposes of analyzing a summary judgment motion. *Id.* Finally, we accord the non-movant the benefit of all reasonable inferences from the record. *ITT,* 854 S.W.2d at 376.

### Analysis

■ With this standard in mind, we now address the propriety of summary judgment in this case. The developers raise three points on appeal, one of which we find dispositive. The developers allege that the city was not entitled to judgment under the existing governing city ordinances. The developers claim they are entitled to the additional signage by virtue of the general sign ordinance and that any further conditions imposed by Ordinance 1344 have been fulfilled; therefore, the developers assert, no amendment or second sign package was required under the ordinance.

For a party to be entitled to summary judgment, it must show a right to judgment flowing from facts about which there is no genuine dispute. Both parties agree that the city's general sign ordinance authorizes two monument signs at each building. The city, however, contends that the buildings are subject to the more restrictive provisions of Ordinance 1344 which requires a sign package. The developers contend that the previously submitted and approved sign package applies to the buildings at issue, and that this sign package does not preclude a second sign at each building. The city, however, in their motion for summary judgment, contends that the sign package only applies to development south of Chesterfield Airport Road, and has no relevance to the buildings at issue, which are to the north of that road, and thus an amended sign package is needed. The developers, however, have submitted an affidavit stating that the sign package does apply to the entire development. Further, the developers cite to the planning department report, wherein it was noted that the city had approved the overall site plan for Chesterfield Commons which included a sign package for the development. A genuine dispute exists as to whether the sign package applies to the entire development, or just a portion thereof, and therefore, summary judgment is improper.[3] Point granted.

In light of our holding, we need not address the developers' other points on appeal. However, because this case is being remanded, and because there is a dispute among the parties over the correct standard of review that the trial court should employ in reviewing this case, we will comment on this issue in the interest of judicial economy.

■ The trial court, in granting summary judgment for the city, held that the planning commission acted lawfully, noting that the court was limited in its review to determining whether the commission's decision was authorized by law and supported by competent and substantial evidence based upon the whole record. The standard of review cited by the trial court is that employed by a court in reviewing a contested administrative decision under Chapter 536. *See Cade v. State,* 990 S.W.2d 32, 37 (Mo.App. W.D.1999) (dis-

---

**3.** We do not address the impact of the planning commission's December 2000 approval of the site development section plan that depicted the proposed monument signs. Since upon remand a different and more complete record may be developed, the trial court may consider the issue upon that record.

cussing the different standards of review for contested and noncontested cases). The developers contend the trial court applied the incorrect standard of review, that the planning commission's decision was a noncontested administrative action and, as such, the correct standard of review was a *de novo* review of the planning commission's decision.[4]

■ The city views the developers' request as a request to amend the zoning approved by Ordinance 1344 by amending the sign package to allow for two additional monument signs, and thus, the city argues its denial was a legislative function, not an administrative function. The city, citing to *State ex rel. Helujon, Ltd. v. Jefferson County,* 964 S.W.2d 531 (Mo. App. E.D.1998), argues that a court may reverse a legislative action only if it is arbitrary and unreasonable. We disagree with the city's position. A power exercised by a municipal corporation is legislative in nature if it prescribes a new policy or plan; it is administrative in nature if it merely pursues a plan already adopted by the legislative body itself. *See Williams v. City of Kirkwood,* 537 S.W.2d 571, 574 (Mo.App.1976). Thus, a zoning is legislative, but, for example, a determination to grant or withhold a conditional use permit is administrative. *See e.g., Id.; State ex rel. Helujon, Ltd. v. Jefferson County,* 964 S.W.2d 531 (Mo.App. E.D.1998). Here, the development zoning ordinance 1344, as well as the general sign ordinance, were already in place. The developers, in seeking a second monument sign for each building, were asking nothing more than

for the city to apply the language as set out in the two ordinances. The planning commission's decision was merely an action in furtherance of an existing plan. This was the enforcement, not the enactment, of a zoning regulation.

■ The key to the classification of a case as contested or noncontested is the requirement of a hearing. *Cade,* 990 S.W.2d at 36. An administrative decision is considered to be noncontested if it is made without any requirement of an adversarial hearing at which a measure of procedural formality is followed. *Id.* at 37. Because there was no requirement of an adversarial hearing in this case, we agree with the developers' position on appeal that the action here was a noncontested administrative action. Even the city agrees that if the planning commission's action is not considered legislative, then it should be considered a noncontested rather than a contested administrative matter for review. Judicial review of noncontested cases is governed by Section 536.150 RSMo.2000. In a noncontested case, the trial court does not review the record for competent and substantial evidence, but rather it conducts a *de novo* review in which it hears evidence on the merits, makes a record, determines the facts and decides whether the agency's decision is unconstitutional, unlawful, unreasonable, arbitrary, capricious, or otherwise involves an abuse of discretion. *Id.* On remand, the trial court in this case should apply the standard of review applicable for a noncontested administrative action.

---

4. We question whether the developers' point was preserved for appeal. The developers complain the trial court applied the incorrect standard of review. Yet, in their petition, the developers make no mention that the matter was a Chapter 536 noncontested case. Further, in their motion for summary judgment, the developers cited the trial court to the standard of review for a contested administrative action, not a noncontested administrative action. Where the trial court reviewed the case pursuant to the standard affirmatively set forth for it by the developers, the developers should not be permitted to argue on appeal that the court erred in applying that standard of review.

Lastly, the developers also appeal from the denial of their motion for summary judgment. Generally, an order denying a motion for summary judgment is not a final judgment and therefore is not reviewable on appeal. *Fischer v. City of Washington,* 55 S.W.3d 372, 381 (Mo.App. E.D.2001). In some instances, however, the denial of a motion for summary judgment may be reviewable on appeal where the merits of that motion are intertwined with the propriety of an appealable order granting summary judgment to the other party. *Id.* Given the incomplete record before us, and the presence of factual disputes which would inevitably affect the propriety of their motion, we decline to review the court's denial of the developers' motion for summary judgment.

The judgment is reversed, and the cause remanded for further proceedings.

KATHIANNE KNAUP CRANE and SHERRI B. SULLIVAN, JJ., concur.