**MISSOURI DEPARTMENT OF TRANSPORTATION ex rel. ON POINT CONTRACTORS, LLC, Plaintiff/Appellant,**

v.

**AURA CONTRACTING, LLC, Western Surety Company and Missouri Highways and Transportation Commission, Defendants/Respondents.**

**No. ED 98458.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 27, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 7, 2013.

Application for Transfer to Supreme Court Denied Feb. 26, 2013.

Matthew D. Menghini, Chesterfield, MO, for Plaintiff/Appellant.

Robert A. Babcock, Robert F. Chandler, St. Louis, MO, for Defendants/Respondents, Aura Contracting, LLC and Western Surety Company.

John W. Koenig, Jr., Sikeston, MO, for Defendant/Respondent, Missouri Highways and Transportation Commission.

SHERRI B. SULLIVAN, J.

*Introduction*

On Point Contractors, LLC (Appellant) appeals from the judgment of the trial court granting Western Surety Company's (Western Surety) motion for summary judgment on Counts III and IV of Appellant's petition which asserted a statutory payment bond claim based upon Sections 107.170 [1] and 522.300 and a claim of vexatious refusal to pay, respectively, and Missouri Highways and Transportation Commission's (MHTC) motion to dismiss Count V of Appellant's petition which pled in the alternative from Counts III and IV that MHTC failed to require a statutory payment bond from Aura Contracting, LLC (Aura) that was in compliance with Section 107.170. We affirm.

*Factual and Procedural Background*

Pace–Creve Coeur Associates, LLC (Pace) is the owner or beneficiary of a private commercial development project (Project) adjacent to Olive Boulevard. Pace is also the owner of the property on which the Project is proceeding. Pace has a construction contract with Aura as its construction contractor for the Project. Because the Project necessitated incidental work upon and within a public right of way, Pace had to obtain a Permit For Work On Right Of Way (Right of Way Permit) from MHTC, which it did on July 22, 2010. On August 12, 2010, Aura contracted with Appellant as its subcontractor to install storm pipe and structures along Olive Blvd. This subcontract provided specifically that Appellant was providing services pursuant to the prime contract between Aura as Contractor and Pace as Owner, and made no indication that Appellant was performing its services for any public entity, including MHTC.

As required by the Right of Way Permit, Aura obtained a Surety Bond (Permit Surety Bond) issued by Western Surety on behalf of Aura and in favor of MHTC.

After their work was completed, some suppliers and subcontractors of Aura, other than Appellant, filed mechanic's liens against the property owned by Pace for nonpayment. Although it was not paid either, Appellant did not file a mechanic's lien. Rather, Appellant subsequently filed a lawsuit against MHTC (Count V) and Western Surety (Count III) demanding payment based upon the Permit Surety Bond purportedly being a Section 107.170/522.300 statutory payment bond, or alternatively that it should have been such a statutory payment bond; and against Western Surety for vexatious refusal to pay (Count IV). MHTC and Western Surety maintained in their respective motions to dismiss and for summary judgment that Western Surety did not issue such a Section 107.170/522.300 statutory payment bond, but rather a Permit Surety Bond. Appellant argues the Permit Surety Bond that Western Surety issued on behalf of Aura and in favor of MHTC should be read as a statutory payment bond under Sections 107.170 and 522.300. The trial court agreed with Western Surety and MHTC and sustained Western Surety's motion for summary

---

1. All statutory references are to RSMo 2006, unless otherwise indicated.

judgment on Counts III and IV against it and granted MHTC's motion to dismiss Count V against it on March 6, 2012. This appeal follows.

## Point on Appeal

In its point on appeal, Appellant maintains the trial court erred in granting Western Surety's motion for summary judgment and MHTC's motion to dismiss based on its failure to find that the Right of Way Permit issued to Aura by MHTC was not a contract for public works thereby making the Permit Surety Bond issued pursuant to it by Western Surety on behalf of Aura and in favor of MHTC a Section 107.170 statutory payment bond.

## Standard of Review

Our review of the trial court's grant of summary judgment is essentially *de novo*. *THF Chesterfield North Development L.L.C. v. City of Chesterfield*, 106 S.W.3d 13, 16 (Mo.App. E.D.2003). The propriety of summary judgment is purely an issue of law. *Id.* We need not defer to the trial court's order, as its judgment is founded on the record submitted and the law. *Id.* The criteria on appeal for testing the propriety of summary judgment are no different from those which should be used by the trial court to determine the propriety of sustaining the motion initially. *Id.*

Our review of a trial court's grant of a motion to dismiss is also *de novo*. *Thomas v. A.G. Elec., Inc.*, 304 S.W.3d 179, 182 (Mo.App. E.D.2009). A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. *Id.* A petition cannot be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of the claim that would give a right to relief. *Id.* at 183.

## Discussion—Public Works Bond Statutes

Sections 107.170 and 522.300 are public works bonds statutes. Section 107.170, denominated "Bonds of public works contractors—indemnification of public officers and employees," provides in pertinent part:

1. As used in this section, the following terms mean:

(1) "Contractor", a person or business entity who provides construction services under contract to a public entity.

(2) "Public entity", any official, board, commission or agency of this state or any county, city, town, township, school, road district or other political subdivision of this state;

(3) "Public works", the erection, construction, alteration, repair or improvement of any building, road, street, public utility or other public facility owned by the public entity.

2. It is hereby made the duty of all public entities in this state, in making contracts for public works, the cost of which is estimated to exceed twenty-five thousand dollars, to be performed for the public entity, to require every contractor for such work to furnish to the public entity, a bond with good and sufficient sureties, in an amount fixed by the public entity, and such bond, among other conditions, shall be conditioned for the payment of any and all materials, incorporated, consumed or used in connection with the construction of such work, and all insurance premiums, both for compensation, and for all other kinds of insurance, said work, and for all labor performed in such work whether by subcontractor or otherwise.

Contractors on a public works project are required to obtain bonds that assure payment of wages earned by their workers and workers employed by subcontractors. *Thomas*, 304 S.W.3d at 184. The pertinent requirements are set forth

in the general public works bond statute, Section 107.170. *Id.* The public works bond statute mandates that contractors, to whom a contract for a public works project is awarded, furnish the public entity awarding the contract a bond with good and sufficient sureties. *Thomas,* 304 S.W.3d at 184; Section 107.170.2. " 'Such bond, among other conditions, shall be conditioned for the payment of any and all materials, incorporated, consumed or used in connection with the construction of such work, and all insurance premiums, both for compensation, and for all other kinds of insurance, said work, and for all labor performed in such work whether by subcontractor or otherwise.' " *Thomas,* 304 S.W.3d at 184, quoting Section 107.170.2.

■ "The public-works bond statute demonstrates a 'strong legislative purpose to protect those who furnish labor and materials for public construction and to assure that they will be paid.' " *Thomas,* 304 S.W.3d at 184–85; quoting *School Dist. of Springfield R–12, ex rel. Midland Paving Co. v. Transamerica Ins. Co.,* 633 S.W.2d 238, 248 (Mo.App. S.D.1982); see also *Energy Masters Corp. v. Fulson,* 839 S.W.2d 665, 668 (Mo.App. W.D.1992). "The long-established purpose of the public-works bond statute has been 'to afford those furnishing labor or material on public works *the same measure of protection as is afforded by the mechanic's lien law where the building or improvement is not of a public character.*' " *Thomas,* 304 S.W.3d at 185 (emphasis supplied), quoting *Collins & Hermann, Inc. v. TM2 Construction Co.,* 263 S.W.3d 793, 798 (Mo. App. E.D.2008) (citing *Camdenton Consol. School Dist. No. 6 of Camden County ex rel. W.H. Powell Lumber Co. v. New York Casualty Co.,* 340 Mo. 1070, 104 S.W.2d 319, 322 (1937)); see also *Energy Masters Corp.,* 839 S.W.2d at 668. The public-works statute is read broadly to carry out its purpose to protect those who improve and enhance the public properties. *Thomas,* 304 S.W.3d at 185; *Energy Masters Corp.,* 839 S.W.2d at 668.

Section 522.300 provides the cause of action for the enforcement of Section 107.170. Section 522.300, denominated "Suit on bond-proceedings," provides:

Every person furnishing material or performing labor, either as an individual or as a subcontractor for any contractor, with the state, or any county, city, town, township, school or road district, *where bond shall be executed as provided in section 107.170, RSMo,* shall have the right to sue on such bond in the name of the state, county, city, town, township, school or road district, for his use and benefit, and in such suit the plaintiff shall file a copy of such bond, certified by the party or parties in whose charge such bond shall be, which copy shall, unless execution thereof be denied under oath, be prima facie evidence of the execution and delivery of the original; provided, however, this section and section 107.170, RSMo, shall not be taken to in any way make the state, county, city, town, township, school or road district liable to such subcontractor, materialman or laborer to any greater extent than it was liable under the law as it stood before the adoption originally of said sections.

(Emphasis added.) As indicated by the highlighted text of the statute, Section 522.300's significance is relative to and dependent upon the initial application of Section 107.170. Therefore, in the instant case, if we find that Section 107.170 does not apply, then consequently neither does Section 522.300.

■ It cannot be more clear from the language of Section 107.170 and the long line of case law interpreting and applying it, that the statute applies to *public* works,

and workers and wages of workers employed by or on behalf of any public body engaged in public works; *not* projects paid for and for the benefit of *private* companies and individuals. In the instant case, the Project is paid for and for the benefit of Pace, a private company. Therefore, Section 107.170 and hence Section 522.300 do not apply in this case. Rather, Appellant's remedy in the case *sub judice,* as being contracted to work on a private project, was through the filing of a mechanic's lien. See *Thomas,* 304 S.W.3d at 185; *Collins & Hermann, Inc.,* 263 S.W.3d at 798; *Camdenton Consol. School Dist.,* 104 S.W.2d at 322; *Fulson,* 839 S.W.2d at 668.

The public policy of Missouri, as expressed in Section 107.170 and Section 429.010 (mechanic's lien statute), is that subcontractors and suppliers are entitled to the protection of *either* mechanic's liens or payment bonds *depending on the nature of the property they improve. Collins & Hermann, Inc.,* 263 S.W.3d at 796. See also *Ladue Contracting Co. v. Land Development Co.,* 337 S.W.2d 578, 584 (Mo.App. St.L.1960) (purpose of the mechanic's lien law is to guarantee effective security to mechanics and materialmen who furnish labor and materials in the making of improvements on *the property of others*); *Energy Masters Corp.,* 839 S.W.2d at 669 (purpose of the Section 107.170 bond requirement is to provide persons furnishing labor and material the bond security in lieu of mechanic's liens which are inapplicable to *public property*). The project in the instant case involves the property and Project of Pace, a private company. Appellant was specifically subcontracted to work for Aura pursuant to Aura's contract with Pace, the owner. The subcontract between Appellant and Aura provided explicitly that Appellant was providing services pursuant to the prime contract between Aura as Contractor and Pace as Owner.

MHTC's only role in this case was to grant a Right of Way Permit to Aura such that Aura and its subcontractors could complete the Project which tangentially involved work upon and within a public right of way. Said Right of Way Permit required a Permit Surety Bond on behalf of Aura and *in favor of MHTC,* not in favor of Aura's subcontractors or suppliers. This Permit Surety Bond secured the Right of Way Permit and other promises made by Aura to MHTC and memorialized in the Permit Surety Bond, such as not to destroy any trees or shrubs along the right of way without the District Engineer's approval and only to install facilities and structures along and within the right of way with the permission of the District Engineer. This description of the contents of the Permit Surety Bond, even aside from its title, is wholly incompatible with a Section 107.170 statutory payment bond ensuring payment to subcontractors and suppliers who have done work for a public entity on a public works project. Appellant's remedy to ensure its rightful compensation was via a Chapter 429 mechanic's lien because there is no statutory payment bond in existence in this case.

As hereinbefore noted, Chapter 429 governs mechanic's liens. Section 429.010, titled "Mechanics' and Materialmen's Lien, who may assert—extent of lien," provides in pertinent part:

1. Any person who shall do or perform any work or labor upon land ..., or furnish any material ... for any building, erection or improvements upon land ... under or by virtue of any contract with the owner or proprietor thereof ..., upon complying with the provisions of sections 429.010 to 429.340, shall have for his or her work or labor done, ... or materials ... a lien upon such building, erection or improvements, and upon the

land belonging to such owner or proprietor on which the same are situated. Section 429.010.1. See also *Collins & Hermann, Inc.*, 263 S.W.3d at 796–97, *Holland v. Cunliff,* 96 Mo.App. 67, 69 S.W. 737, 739–40 (1902).

 The Pace Project was a private commercial development project, not a public project. Pace owned the property on which the private commercial development was to take place. The project was being performed for the benefit of Pace, who was the owner or proprietor of the Project. MHTC merely provided a Right of Way Permit for Aura to work on a public right of way so that Pace could do its construction project. It was not MHTC's project, nor did MHTC seek out or fund the project for its own benefit or for the benefit of the public. Accordingly, MHTC did not, nor did it have a duty to, require Aura to furnish a public works payment bond. See Section 107.170.2.

The Project in the instant case was a private rather than a public one, and thus Appellant should have filed a mechanic's lien instead of a statutory payment bond claim. Because Appellant chose the wrong remedy in this case, the trial court properly denied its claims pursuant to Sections 107.170 and 522.300 in Counts III, IV and V against Western Surety and MHTC.

Based on the foregoing, Appellant's point on appeal is denied.

### Conclusion

The judgment of the trial court is affirmed.

CLIFFORD H. AHRENS, P.J., and GLENN A. NORTON, J., concur.