

# Missouri Court of Appeals

### Southern District

### Division One

RONALD G. WONDEL, NORMA J. WONDEL, and BETTIE J. HUNNIUS,

    Petitioners-Appellants/Cross-Respondents,[1]

and

JAMES BROCK CHARTER IV and STEPHANIE CONNELL,

    Intervenors/Third Party Plaintiffs-Appellants/Cross-Respondents,

    vs.

CAMDEN COUNTY COMMISSION and GREG HASTY, BEVERLY THOMAS, DON WILLIAMS,

    Respondents/Defendants-Respondents/Cross-Appellants,[2]

and

CLARK DEVELOPMENT COMPANY, INC. and ELLIS CLARK, TRUSTEE,

Nos. SD35323, 35324, 35337, 35338

Filed: February 26, 2021

---

[1] Petitioners in these appeals originally included Calvin E. Hunnius and Marshall Peterson. Mr. Hunnius died on November 10, 2019, and Mr. Peterson died on January 20, 2020. Their appeals were dismissed on July 29, 2020.

[2] Respondent/Defendant commissioners in these appeals originally included Cliff Luber. Mr. Luber ceased to be a commissioner and, on August 10, 2020, commissioner Don Williams was substituted in place of Mr. Luber pursuant to Rule 52.13(d).

1

Respondents/Defendants-Respondents/ )
Cross-Appellants,[3] )
)
and THOMAS J. TANNER, )
)
Respondent/Defendant-Respondent.[4] )

APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Robert M. Liston, Senior Judge

**<u>AFFIRMED</u>**

These appeals are appeals and cross appeals from a decision of the trial court that reversed and remanded back to the Camden County Commission (the "Commission") its decisions to vacate under section 71.270 undeveloped roadways and common areas shown on the plat of Purvis View subdivision – which subdivision was in Camden County outside the limits of any incorporated municipality.[5]

**Facts and Procedural Background**

*Relevant Proceedings Before the Camden County Commission*

By letter dated August 22, 2011, counsel, Gregory D. Williams, forwarded to the Camden County Clerk a "Petition for Vacation of Roadway and Unplatted Common Area" in "Purvis View Subdivision," and requested that the "matter" be "set" "for hearing on October 3, 2011, at 10:00am [sic]." In the petition, Mr. Williams identified petitioners as Clark Development Company, Inc., Nancy J. Clark, Trustee, and James H.

---

[3] Respondents/Defendants in these appeals originally included Nancy J. Clark, Trustee. Ms. Clark died on July 20, 2020, and Ellis Clark, Trustee, was substituted for Nancy J. Clark, Trustee, on August 10, 2020.

[4] Thomas J. Tanner, who lived in Kansas, acknowledged on October 5, 2016, receipt of a summons and petition in the trial court. Although named as a respondent/defendant before the trial court, the record does not show any further participation by Mr. Tanner in the lawsuit in the trial court. Mr. Tanner did not appeal from the trial court's judgment, and did not participate in these appeals.

[5] Unless otherwise indicated, all section references are to RSMo 2000, and all rule references are to Missouri Court Rules (2020).

Tanner,[6] and represented that he was attorney for these persons. The petition sought to vacate "various undeveloped roadways and common areas shown on the [p]lat of Purvis View Subdivision" and "[a]djoining [p]etitioners [sic] land" pursuant to section 71.270.

### The Commission's October 2011 Term

Publication of notice in a newspaper occurred on September 7, 2011, and gave notice that the petition was set for hearing on October 3, 2011 at 10 a.m. before the Commission "at which time interested parties in said subdivision may appear and show cause why" the petition should not be granted. The petition was "tabled" at the October 3, 2011 hearing.

### The Commission's January 2012 Term

The petition was "tabled" at a hearing on January 10, 2012.

### The Commission's April 2012 Term

A second publication of notice in a newspaper occurred on March 21, 2012, and gave notice that the petition was set for hearing twelve days later on April 2, 2012 at 10 a.m. before the Commission "at which time interested parties in said subdivision may appear and show cause why" the petition should not be granted. The Commission then "t[oo]k[] up" the petition on April 2, 2012 during the Commission's April term, and entered an order vacating the "roadways and unplatted common areas" as requested in the petition. There is no indication in the record that any person (other than Mr. Williams) interested in the petition appeared at any of these hearings before the Commission. On April 17, 2012, the Commission held an "informal meeting" with Ronald and Norma Wondel "to discuss [these individuals'] objections to" the vacation on April 2, 2012.

---

[6] James H. Tanner appears to have died previously on October 21, 2010.

3

The Commission's July 2012 Term

On June 21, 2012, Mr. Wondel signed a request that the Commission "set aside" its April 2, 2012 order on the grounds that "posting requirements" for the order were not fulfilled, and "required signatures" necessary to support the order "were not obtained." On July 12, 2012, Mr. Wondel's request was granted.[7] The record does not reflect notice to any person by publication, posting or otherwise that the Commission would take up Mr. Wondel's request at the July 12, 2012 hearing before the Commission, and does not reflect the presence of any interested person at the July 12 hearing.

The Commission's April 2015 Term

On April 27, 2015,[8] the Commission "t[oo]k[] up" Marshall L. Peterson and James O'Brien's request that the Commission "reconsider its prior Order vacating certain roadways in Purvis View Subdivision."[9] After setting forth a number of findings of fact and conclusions of law, the order declared that the Commission's "actions" on July 12, 2012 "were without jurisdiction, and are null, void and without legal effect," and the Commission's order "on April 2, 2012 was a valid, legal and binding determination of this Commission and remains in full force and effect." The order recites that Mr. Peterson, Mr. O'Brien, and Ellis Clark, corporate representative of Clark Development Company, Inc., were present for the "open session" of the Commission. The record does not reflect notice to any person by publication, posting or otherwise that the Commission

---

[7] The record does not show any order by the Commission setting aside its previous April 2, 2012 order, but a copy of Mr. Wondel's request that was signed by two of the three commissioners appears to have been filed with the recorder of deeds.

[8] Minutes for April 27, 2015 reflect that the Commission "met with" Marshall Peterson and Ellis Clark but "no official action" was taken. Minutes for a hearing on May 29, 2015 during the Commission's April term appear to reflect the action memorialized in the order.

[9] Neither Mr. Peterson nor Mr. O'Brien are a party on appeal as both are deceased and, as stated earlier, the appeal was dismissed as to decedent Peterson. They are named for clarification of factual events only.

would take up Messrs. Peterson and O'Brien's request at the Commission's April 27, 2015 "open session."

The Appellants/Cross-Respondents in these appeals are Wondel et al. and Charter et al. (designated in this opinion as "Relators" and "Intervenors," respectively, based on their roles before the trial court). Relators and Intervenors brought this suit in the trial court requesting relief from the Commission's decisions on multiple theories:

*Brief Summary of Relators' Remaining Legal Theories*

- Count I – Claim for judicial review of the Commission's order in April or May 2015 under the Missouri Administrative Procedure Act ("MAPA") either as a contested case or as a noncontested case, and requesting that the order be reversed.
- Count II – Request for a writ of mandamus under section 536.150 setting aside the Commission's order.
- Count III – Claim for declaratory and injunctive relief under section 536.150 including prohibiting vacation in the future.
- Count IV – Claim for declaratory relief on the theory the vacation at issue was an inverse condemnation.[10]

*Brief Summary of Intervenors' Theories (From Second Amended Petition as Amended by Interlineation)*

- Count I (against all defendants) – Claim for judicial review of the Commission's order in April 2012 and order in April or May 2015 under the MAPA on the basis the orders were entered in contested cases, and should be set aside.
- Count II (against the Clark defendants and Thomas J. Tanner) – Claim for declaratory relief quieting title to the vacated roadways and unplatted common areas.
- Counts III and IV (against the Clark defendants and Thomas J. Tanner) – Claim for declaratory relief under two separate statutes setting aside the two orders.
- Count V (against the Clark defendants and Thomas J. Tanner) – Claim for an easement as "a way of strict necessity."

---

[10] Relators' first amended petition also included a Count V claiming negligent misrepresentation that Relators dismissed in December 2016 as to all defendants other than Camden County, and that the trial court dismissed in January 2017 as to the remaining defendants. Relators do not challenge the trial court's dismissal of Count V in this appeal, and we do not reference the count further.

- Count VI (against all defendants) – Claim for a writ of mandamus ordering the Commission to set aside all prior orders vacating roadways and unplatted common areas within Purvis View subdivision.

Relators and Intervenors prevailed in their request for remand to the Commission because of "the failure of the County Commission to provide proper notice and to conduct the hearing into the issue in the manner provided in the cited statute." However, the trial court also held that Relators and Intervenors had "failed to show irreparable harm sufficient to justify the Declaratory Judgment or sufficient significant harm to justify issuance of the Permanent Writ of Mandamus." Despite prevailing on their claim that the Commission failed to provide proper notice and a proper hearing, Relators and Intervenors sought further declaratory and injunctive relief to prevent the Commission from entering any orders vacating the roadways at any time in the future.

We affirm the judgment remanding the vacation of the roadways and public areas to the Commission for further consideration. In light of the fact the trial court denied a writ of mandamus and declaratory relief because Relators and Intervenors failed to prove sufficient harm, the trial court did not err in denying Relators'[11] and Intervenors' claims for declaratory and injunctive relief prohibiting the vacation of the roadways at any time in the future.

*Summary of Cross-Appellants' Remaining Legal Theories*

The Respondents/Cross-Appellants in these appeals are the Commission and its three commissioners, and the original parties who sought to have the roadways and common areas vacated (Clark Development Company, Inc. and Ellis Clark, Trustee).

---

[11] Relators, the Wondels and Ms. Hunnius, also contend before us that the trial court erred in dismissing before trial their claim for inverse condemnation; however, because there is no taking of their property by any governmental authority at this time there can be no suit for a "taking."

These parties are designated in this opinion as "Defendants" based on their roles before the trial court. In two points, Defendant Commission contends:

- that a notice by publication on September 7, 2011 was sufficient under section 71.270 as the proceedings before the Commission were noncontested cases; and
- The Commission further claims that the trial court erred in reviewing the proceedings before the Commission as contested cases under section 536.140.

Although we conclude that the proceedings before the Commission were noncontested cases because resolution of that issue is necessary to determine our standard of review and whether we review the trial court's amended judgment or the Commission's decisions, we believe the Commission waived this claim because at trial the Commission took the position a number of times that the proceedings were contested cases.

In three points, Defendants Clark Development Company, Inc. and Ellis Clark, Trustee, assert notice by publication on September 7, 2011 was sufficient under section 71.270, and the proceedings before the Commission were contested cases, therefore, a statute of limitations under section 536.110 barred relief. We disagree that the proceedings before the Commission were "contested" cases and that there was sufficient notice by publication on September 7, 2011.

**Standard of Review**

*Relevant Proceedings Before the Commission Were Noncontested Cases*

To address the parties' contentions,[12] we must first determine whether the proceedings before the Commission were noncontested cases or contested cases under the Missouri Administrative Procedure Act because that determination then will govern our standard of review and tell us whether we are reviewing the decisions of the Commission or the amended judgment of the trial court. We believe the proceedings before the Commission in this matter were noncontested cases under our Supreme Court's decision in *City of Valley Park v. Armstrong*, 273 S.W.3d 504 (Mo. banc 2009). As a result, Relators and Intervenors properly sought to contest under section 536.150 the Commission's actions in vacating "various undeveloped roadways and common areas shown on the [p]lat of Purvis View Subdivision" pursuant to section 71.270.

"The Missouri Administrative Procedure Act provides for two types of cases: contested cases and non-contested cases." *Furlong Companies, Inc. v. City of Kansas City*, 189 S.W.3d 157, 165 (Mo. banc 2006); *see also* section 49.230 ("Appeals from the decisions, findings and orders of county commissions shall be conducted under the provisions of chapter 536," which is the Missouri Administrative Procedure Act.). Further, in *City of Valley Park*, our Supreme Court observed the following in the course

---

[12] At trial in June 2017, Relators and Intervenors asserted alternative theories some of which rested on the proceedings before the Commission being characterized as noncontested cases under the MAPA, and some of which rested on the proceedings before the Commission being contested cases under the MAPA.

Defendants Clark took the position at trial that the proceedings before the Commission were contested cases under sections 536.100 through 536.140, and only the Commission's third order (in April or May 2015) was appealed to the circuit court timely under section 536.110 (i.e., within thirty days after the order). Defendants Clark also sought and were granted a continuing objection to the introduction of evidence not included in the record created before the Commission on the theory that the trial court could only consider the record before the Commission in reviewing a contested case.

Defendant Commission also took a position at trial that the proceedings before the Commission were contested cases.

of holding that a proceeding before a boundary commission to consider the annexation of

a park pursuant to section 72.403 was a noncontested case:

> The classification of a case as "contested" or "noncontested" is determined as a matter of law. *Cade v. State*, 990 S.W.2d 32, 36 (Mo.App.1999). As noted in *Furlong Companies, Inc. v. City of Kansas City*, 189 S.W.3d 157, 165 (Mo. banc 2006):
>
>> Contested case review is controlled by sections 536.100 to 536.140. Contested cases provide the parties with an opportunity for a formal hearing with the presentation of evidence, including sworn testimony of witnesses and cross-examination of witnesses, and require written findings of fact and conclusions of law. *Hagely v. Board of Education of the Webster Groves School District*, 841 S.W.2d 663, 668 (Mo. banc 1992). The review of a contested case is a review by the trial court of the record created before the administrative body. Section 536.140. The trial court's decision upon such review is appealable, but the appellate court also looks back to the record created before the administrative body. *City of Cabool v. Missouri State Board of Mediation*, 689 S.W.2d 51, 53 (Mo. banc 1985).
>>
>> Non-contested cases do not require formal proceedings or hearings before the administrative body. *Farmer's Bank of Antonia v. Kostman*, 577 S.W.2d 915, 921 (Mo.App. 1979). As such, there is no record required for review. *Phipps v. School District of Kansas City*, 645 S.W.2d 91, 94–95 (Mo.App.1982). In the review of a non-contested decision, the circuit court does not review the administrative record, but hears evidence, determines facts, and adjudges the validity of the agency decision. *Id.* Under the procedures of section 536.150, the circuit court conducts such a hearing as an original action. *Id.* at 96; section 536.150.1.
>>
>> In either a contested or a non-contested case the private litigant is entitled to challenge the governmental agency's decision. The difference is simply that in a contested case the private litigant must try his or her case before the agency, and judicial review is on the record of that administrative trial, whereas in a non-contested case the private litigant tries his or her case to the court. Depending upon the circumstances, this difference may result in procedural advantages or disadvantages to the

9

parties, but in either situation, the litigant is entitled to develop an evidentiary record in one forum or another.

. . . .

The key to the classification of a case as contested or noncontested is the requirement of a hearing. *Cade* at 36. The term "hearing," as used in section 536.010(2)[] means a proceeding at which a "measure of procedural formality" is followed. *Hagely v. Board of Educ. of Webster Groves School Dist.*, 841 S.W.2d 663, 668 (Mo. banc 1992). Procedural formalities in contested cases generally include: notice of the issues (section 536.067); oral evidence taken upon oath or affirmation and the cross-examination of witnesses (section 536.070); the making of a record (section 536.070); adherence to evidentiary rules (section 536.070); and written decisions including findings of fact and conclusions of law (section 536.090). *Id.*
In determining if a hearing comports with these formalities, the statute requiring the hearing is examined.

*City of Valley Park*, 273 S.W.3d at 506-07 (footnote omitted). Further, in determining whether a hearing with a measure of procedural formality is required, the issue is whether a sufficient hearing was required by law not whether the agency actually conducted a sufficient hearing. *See Ard v. Shannon County Commission*, 424 S.W.3d 468, 472 & n.3 (Mo.App. S.D. 2014) (issue is whether a hearing was required by law not whether a hearing actually was conducted).

In *City of Valley Park*, the operative statute, section 72.403, required much more than section 71.270. Section 72.403 required (1) written notice to certain persons in addition to notice by publication, (2) a public hearing, (3) that, at the public hearing, "any . . . interested person" "may also present evidence," and (4) the boundary commission "shall approve the [proposed boundary change] if it finds" certain things after considering eleven factors. *City of Valley Park*, 273 S.W.3d at 507-09. However, the statute did not require "testimony upon oath or affirmation," "cross-examination of witnesses," and "formal adherence to procedural rules of evidence." *Id.* at 507. Our Supreme Court held

10

that the proceeding before the boundary commission under section 72.403 was a noncontested case. *Id.*

Similarly, section 71.270 did not require testimony under oath, cross-examination of witnesses, or adherence to rules of evidence. Section 71.270 also did not require the making of a record.[13] As a result, we believe the proceedings before the Commission in April 2012, July 2012, and April or May 2015 with respect to the vacation (or not) of undeveloped roads and common areas in Purvis View subdivision were noncontested cases.

Based on that conclusion:

> The standard of judicial review of noncontested cases is governed by section 536.150. *THF Chesterfield North Development, L.L.C. v. City of Chesterfield*, 106 S.W.3d 13, 18 (Mo.App.2003). The circuit court does not review the record for competent and substantial evidence, but instead conducts a *de novo* review in which it hears evidence on the merits, makes a record, determines the facts and decides whether the agency's decision is unconstitutional, unlawful, unreasonable, arbitrary, capricious or otherwise involves an abuse of discretion. *Id*. The circuit court does not defer to facts found or credibility assessed by the agency and need not conform doubtful evidence to the agency's decision. *Cade [v. State*, 990 S.W.2d 32,] 37 [(Mo.App. 1999)]. The circuit court in a noncontested case acts to determine the evidence and give judgment from that evidence. *Id*.

*City of Valley Park*, 273 S.W.3d at 508. In turn:

> We review the judgment of the circuit court, rather than the decision of the administrative agency. [*State ex rel. Christian Health Care of Springfield, Inc. v. Missouri Dept. of Health and Senior Services*, 229 S.W.3d 270, 275 (Mo.App. 2007)]. An appellate court "reviews the circuit court's judgment to determine whether its finding that the agency decision was or was not unconstitutional, unlawful, unreasonable, arbitrary, capricious, or

---

[13] Even if section 422.1.d of the Camden County Unified Land-Use Code applied to the vacation of platted but undeveloped roads (i.e., a "road of record) under section 422.1.a as well as the vacation of other portions of a "subdivision plat" (e.g., a common area) and required the Commission to make specific findings as argued by Intervenors, that would not convert the proceedings before the Commission under section 71.270 into a contested case because there still would be no statutory requirement for testimony under oath, cross-examination, adherence to rules of evidence, or making a record.

the product of an abuse of discretion rests on substantial evidence and correctly declares and applies the law." *Missouri Nat. Educ. Ass'n v. Missouri State Bd. of Educ.*, 34 S.W.3d 266, 275 (Mo.App.2000). This standard requires an appellate court to accept the trial court's credibility determinations and view the evidence in the light most favorable to the judgment, while disregarding all contrary evidence and permissible inferences. *State ex rel. Koster v. Morningland of the Ozarks, LLC*, 384 S.W.3d 346, 350 (Mo.App. 2012).

*Ard*, 424 S.W.3d at 473. Of course, a basic precept is that "no evidence is needed to find against the party who bore the burden of proof or to uphold that decision on appeal."

**Beaman v. Lowe's Home Centers, Inc.**, 601 S.W.3d 330, 331 (Mo.App. S.D. 2020).

*Proceedings in Trial Court*

Relevant Pleadings

In June 2015, Ronald G. and Norma J. Wondel, Marshall Peterson, and Calvin E. and Bettie J. Hunnius (collectively "Relators" before the trial court) filed a petition for a writ of mandamus against the Camden County Commission, its three commissioners in their official capacity, and Clark Development Co. Inc. Thereafter, in January 2016, James Charter IV and Stephanie Connell (collectively "Intervenors" before the trial court) filed a petition in intervention for a writ of mandamus against the same defendants. Relators and Intervenors subsequently added Nancy J. Clark, Trustee, and Thomas J. Tanner (successor to James H. Tanner) as defendants (we refer to the defendants collectively as "Defendants" before the trial court).

*Relators' Pleadings at Trial*

With the exception of Count IV that was dismissed before trial,[14] Relators went to trial on their first amended petition filed July 27, 2016, which asserted four claims:

---

[14] Relators dismissed Count IV in December 2016 as to all defendants other than Camden County, and the trial court dismissed Count IV in January 2017 as to the remaining defendants. Relators challenge the trial court's dismissal of Count IV in these appeals.

- Count I – a claim that Relators are entitled to judicial review of the Commission's order purporting to reflect action taken on April 27, 2015 on the basis that the order was entered either in a contested case under sections 536.100 through 536.140, or in a noncontested case under section 536.150, and, in either event, that the order should be reversed.
- Count II – a request for a writ of mandamus pursuant to section 536.150 "set[ting] aside" the Commission's purported April 27, 2015 order.
- Count III – a claim for declaratory and injunctive relief pursuant to section 536.150 and the statutes and rules relating to declaratory judgments and injunctions, and a declaration that the "roadways at issue" "be open and not vacated" and an injunction "prohibiting any respondent from closing the same."
- Count IV – a claim for "declaratory relief" that the Commission "be denied ability to vacate the roadways and unplatted common area" at issue on the theory that the vacation "operat[ed] as a regulatory taking without just compensation" (i.e., an inverse condemnation).

*Intervenors' Pleadings at Trial*

Intervenors went to trial on a second amended petition (as amended by interlineation) filed on June 2, 2017. In their second amended petition, Intervenors asserted six claims:

- Count I (against all Defendants) – a claim for judicial review of the Commission's April 2, 2012 and purported April 27, 2015 orders pursuant to sections 536.100 through 536.140 on the basis the orders were entered in a contested case or cases, and requesting that the two orders be set aside and the vacated "roadways and unplatted common areas" be returned to their pre-vacation condition.
- Count II (against Clark Development Co. Inc., Nancy Clark, and Thomas J. Tanner) – a claim for a declaratory judgment pursuant to section 527.150 (suits to determine interest and quiet title) setting aside the two orders and quieting title, and requiring the vacated "roadways and unplatted common areas" be returned to their pre-vacation condition.
- Count III (against Clark Development Co. Inc., Nancy Clark, and Thomas J. Tanner) – a claim for a declaratory judgment pursuant to section 527.020 (power to construe) setting aside the two orders, and requiring the vacated "roadways and unplatted common areas" be returned to their pre-vacation condition.
- Count IV (against Clark Development Co. Inc., Nancy Clark, and Thomas J. Tanner) – a claim for declaratory judgment pursuant to section 527.050 (enumeration of specific powers does not limit general powers) setting aside the two orders, and requiring the vacated "roadways and unplatted common areas" be returned to their pre-vacation condition.

13

- Count V (against Clark Development Co. Inc., Nancy Clark, and Thomas J. Tanner) – a claim for a judgment pursuant to section 228.342 (establishing or widening a private road where the private road "is a way of strict necessity") granting Intervenors authority to use one of the vacated roadways. In a scrivener's error, the trial court indicated in its amended judgment that the parties agreed to reserve Intervenors' "statutory easement" count (i.e., Count V). The trial court, on September 27, 2017, after trial, specifically dismissed Count V of Intervenors' second amended petition (as amended by interlineation) without prejudice when Intervenors "advised" the count "may be dismissed." No party challenges the record's accuracy in showing the trial court's action on September 27, 2017. As a result, Relators' and Intervenors' claim before us that the trial court's amended judgment is not final because the amended judgment does not resolve Intervenors' Count V is rejected.[15]
- Count VI (against all Defendants) – a claim for a writ of mandamus ordering the Commission to "once and forever vacat[e] all prior orders" that vacated "roadways and unplatted common areas located within Purvis View Subdivision."

<u>The Trial Court's Amended Judgment</u>

In an amended judgment entered on December 5, 2017, the trial court (1) ruled that the Commission's order issued on April 2, 2012 and the Commission's order purporting to reflect action taken on April 27, 2015 were "void as to the roadways and public areas" at issue "due to the failure of [the] Commission to provide the procedures required by Section 71.270," and are vacated; (2) ruled that the "record" does "not adequately support[]" a finding that the Commission's actions were "arbitrary;" and (3) denied a writ of mandamus and vacated a temporary writ previously entered; (4) denied the "Counts" requesting declaratory judgment; and (5) denied all other claims not "expressly addressed."

The amended judgment also contains the following findings of fact and conclusions of law: (1) Section 71.270 applies even though "the dedication of the subdivision is to the use of the lot owners of the subdivision rather than the general

---

[15] Appellants'/Cross-Respondents' Motion to Dismiss the Appeal, which raised the same issue and was taken with the case, is likewise denied.

14

public." (2) Section 71.270 "requires a full 15 day[s] notice." (3) The failure to give the notice required under section 71.270 "invalidates" the Commission's order on April 2, 2012 and the order that purports to reflect the Commission's actions on April 27, 2015.[16] "[The September 2011 notice] was a notice of more than 15 days before the term in which the matter was first taken up, and tabled, by the Commission. . . . The September notice did not result in a determination of the question and the matter was taken up in the following term of the Commission. . . . [T]he Court finds and believes that Section 71.270 . . . applies to the term of the Commission in which the order is 'presented' for consideration and no notice of sufficient length was [made] prior to the April 2012 term[.] . . . The notice made in September, 2011 pertained to a consideration in a different term than the term in which it was actually presented for consideration. The record of the Commission does not detail that the road vacation issue was actually presented for determination in October[.] . . . Notice of consideration of the matter in the April 2012 [sic] is believed to have been required." (4) The parties did not challenge whether section 71.270 is constitutional, and the "police power of the state to regulate the private roads . . . was not made an issue in the pleadings . . ., and was, therefore, not considered by" the trial court. (5) Although not directly stated, the trial court appears to have determined that the proceedings before the Commission under section 71.270 were a "contested case." (6) The trial court denied the issuance of a permanent writ of mandamus because Plaintiffs[17] failed to meet their burden to show "great injury[.] . . . Plaintiffs have the burden of proving sufficient harm to the Court's satisfaction. The Court does not believe

---

[16] The trial court believed the validity of the Commission's actions on July 12, 2012 was "not before the Court."

[17] Early in the amended judgment, the trial court defined "Plaintiffs" as including Relators and Intervenors.

the record sufficient to justify the issuance of the permanent Writ requested." (7) The amended judgment was rendered solely against the Commission and its commissioners. "No allegation of liability has been adequately established against Defendants Clark. The Judgments herein entered are solely for the failure of the County Commission to provide proper notice and to conduct the hearing into the issue in the manner provided in the cited statute. The Plaintiffs have failed to show irreparable harm sufficient to justify the Declaratory Judgment or sufficient significant harm to justify issuance of the Permanent Writ of Mandamus."

**Analysis**

As noted above,

> We review the judgment of the circuit court, rather than the decision of the administrative agency. An appellate court "reviews the circuit court's judgment to determine whether its finding that the agency decision was or was not unconstitutional, unlawful, unreasonable, arbitrary, capricious, or the product of an abuse of discretion rests on substantial evidence and correctly declares and applies the law.

*Ard*, 424 S.W.3d at 473 (internal citations omitted).

Defendants[18] challenge the trial court's ruling that the Commission's order issued on April 2, 2012 and the Commission's order regarding actions taken on April 27, 2015 failed to follow proper procedure in holding hearings. The trial court basically placed the parties in the position they were in prior to the initial petition to vacate the roadways. Relators[19] and Intervenors collectively challenge the trial court's rulings denying the additional relief sought in Plaintiffs first amended petition, and in Intervenors' second amended petition (as amended by interlineation).

---

[18] Thomas J. Tanner is an exception as he is not participating in this appeal.

[19] Those whose appeals have not been dismissed, i.e., Ronald G. and Norma J. Wondel, and Bettie J. Hunnius.

16

*The Trial Court Properly Concluded That the Notice Provision of Section 71.270 Was Specific to a Term of the Commission with the Result That the Commission's Actions in April 2012, July 2012 and April or May 2015 Were Unlawful and Void*

The Commission had four terms each year "commencing on the first Mondays in January, April, July, and October." Section 49.170, RSMo Cum.Supp. 2003. Under section 71.270.1, the Commission "upon petition of" certain land owners "may vacate the streets, alleys, roads, public easements, public square or common or part of either" "marked on the recorded plat of [a] subdivision" that lies "outside the limits of any incorporated town, village or city."

Under section 71.270.2, "[n]o such vacation shall be ordered until proof shall be made to the commission of [notice by publication or posting], at least fifteen days prior to the term of the commission at which such petition shall be presented, that application would be made *at that term of the commission* for the [proposed] vacation[.]" (Emphasis added.) Although a panel of our Supreme Court in ***Rose v. Kansas City & G.A. Ry. Co.***, 30 S.W. 518, 520 (Mo. 1895), indicated that adjournments within a county court's (the predecessor to our current county commissions) regular, three-month term beginning in May "were but continuances of the regular May term," we do not believe that rule applies to new terms of the Commission. We believe that the phrase "at that term of the commission" makes the required notice specific to each term of the Commission at which the petition is "presented" or application is "made."

From its minutes and April 2012 order, the Commission appears to have interpreted the notice required under 71.270.2 consistently with our interpretation. The minutes from the Commission's October 3, 2011 "meeting" state "[t]his was the first time for this petition to be presented" and the petition was "table[d]"; the minutes from the

17

January 10, 2012 "meeting" state a motion to "table the request for vacation" "passed"; the minutes from the April 2, 2012 "meeting" state a motion to "accept the petition for vacation as presented" "passed"; and the Commission's April 2 order recites notice for the April 2 "public hearing"; however, the notice was defective for the April 2, 2012 hearing because it was given on March 21, 2012, which was less than fifteen days before April 2, 2012.

Because the notice required under section 71.270 is specific to a term of the Commission and the notice was defective for the Commission's order on April 2, 2012 since only twelve days notice was given rather fifteen days, the Commission's April 2, 2012 order was unlawful and "void." *See Evans v. Andres*, 42 S.W.2d 32, 34 (Mo.App. Spfld.D. 1931) (failure to give the required notice renders a county court's order "null and void" because the notice is "jurisdictional" for the county court). The record does not reveal any notice for the Commission's July 12, 2012 and April or May 2015 actions with the result that those actions also were unlawful and void.

*The Trial Court Properly Denied Relators' and Intervenors' Requested Additional Mandamus, Declaratory, Injunctive and Other Relief*

The trial court properly denied Relators' and Intervenors' requested additional relief. Some of the additional relief requested was based on Relators' and Intervenors' theory that the proceedings before the Commission were contested cases. Denial of that relief was proper because the proceedings before the Commission were noncontested cases. The trial court found that Relators and Intervenors failed to meet their burden of proof to establish their right to the additional relief sought in mandamus, declaratory and injunctive causes of action. As the parties with the burden of proof as to these theories in their original suit in the trial court, no evidence was necessary for the trial court to find

18

against them on that basis or for us to uphold the trial court's decision on appeal. As previously mentioned, we also reject (1) Relators' claim for inverse condemnation since at this time there is no taking of Relators' property by any governmental authority; and (2) Relators' and Intervenors' claim that the trial court's amended judgement is not a final judgment because it does not resolve Intervenors' claim for an easement of "strict necessity" because the trial court dismissed that claim after trial with Intervenors' agreement. In light of the trial court's denial of a writ of mandamus and declaratory relief because Relators and Intervenors failed to prove sufficient harm, the trial court did not err in denying Relators' and Intervenors' claims for declaratory and injunctive relief prohibiting the vacation at any time in the future of the undeveloped roadways at issue.

The trial court's judgment is affirmed.

Nancy Steffen Rahmeyer, P.J. – Opinion Author

William W. Francis, Jr., J. – Concurs

Daniel E. Scott, S.J. – Concurs